Cotton McDONALD and Stoney McDonald, Appellants,

v.

The BOAT BARN, Appellee.

No. 01–98–00021–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 13, 1999.

Rehearing Overruled July 19, 1999.

Keith T. Gilbert, Houston, TX, for appellants.

Gus D. Oppermann, Brows Sims Wise & White, Houston, TX, for appellee.

Panel consists of Justices MIRABAL, WILSON, and TAFT.

## OPINION

WILSON, J.

This appeal concerns the finality of a sale of the contents of a self-storage unit. Appellants Cotton McDonald and Stoney McDonald appeal a take-nothing judgment in favor of appellee The Boat Barn. We affirm.

### Facts

Jeff Shook rented self-storage unit C–22 from the Boat Barn. When Shook did not pay the rent on unit C–22, the Boat Barn posted the contents of the unit for sale pursuant to chapter 59 of the Property Code. Tex.Prop.Code Ann. §§ 59.001–.046 (Vernon 1995). On November 9, 1993, the Boat Barn conducted a public sale at which the McDonalds and another party placed sealed bids on the contents of unit C–22. The McDonalds bid $589, which was the high bid. Later that day, before the sealed bids were opened by the Boat Barn's owners, Shook called the Boat Barn and said he would come in the next day and pay his back rent. The next day, Shook did come and pay his back rent. The record does not reflect that the McDonalds were ever told that their bid had been accepted.

The McDonalds filed suit against the Boat Barn in justice of the peace court alleging misrepresentation, breach of contract, and breach of the Deceptive Trade Practices–Consumer Protection Act. The justice of the peace rendered a take-nothing summary judgment for the Boat Barn. The McDonalds appealed de novo to the county civil court at law, which after conducting a bench trial, also rendered a take-nothing judgment for the Boat Barn. The county civil court at law filed findings of fact and conclusions of law, which state in part that "The auction was held 'with reserve' " and "The Boat Barn withdrew Unit C–22 prior to completion of a sale."

### Discussion

■ In their first issue presented, the McDonalds argue that chapter 59 of the Property Code required the Boat Barn to accept their high bid. The McDonalds place special emphasis on the portion of section 59.045 which states, "The lessor must ... sell the property to the highest bidder." Tex.Prop.Code Ann. § 59.045 (Vernon 1995).

We certainly agree that lessor must follow the dictates of chapter 59, but the critical issue is whether the sale had been completed. Under the Uniform Commercial Code—Sales, "[A] sale by auction is with reserve unless the goods are in explicit terms put up without reserve." Tex.Bus. & Com.Code Ann. § 2.328(c) (Vernon 1994).[1] "In an auction with reserve the auctioneer

---

1. The McDonalds argue that section 2.328 does not apply to auctions under chapter 59, but section 2.328 is not one of the statutes chapter 59 specifically excludes from applica- tion to self-storage units. Tex.Prop.Code Ann. § 59.003 (Vernon 1995). We see no reason why section 2.328 would not apply in this situation.

may withdraw the goods at any time until the auctioneer announces completion of the sale." *Id.* The trial court, however, found that the sale had not been completed. We hold that under the facts of this case, the Boat Barn was not required by chapter 59 to accept the McDonalds' bid.

We overrule issue one.

■ In their second issue presented, the McDonalds attack the county civil court at law's findings of fact because they claim the court was circumventing the requirements of chapter 59. The McDonalds first claim that chapter 59 prohibits the auction from being conducted "with reserve" under the UCC because Property Code section 59.045 states, "The lessor must . . . sell the property to the highest bidder."

The UCC presumes an auction is with reserve and allows the auctioneer to withdraw the goods up until the time the auctioneer the sale's completion. Tex.Bus. & Com.Code Ann. § 2.328(c) (Vernon 1994). We see no conflict between the UCC and Property Code section 59.045—the UCC allows the lessor to withdraw an item from sale, while section 59.045 requires the lessor to sell to the highest bidder if there is a sale.

■ The McDonalds next claim that the county civil court at law erred in finding that the auction was held "with reserve" and that Shook redeemed unit C–22 because these matters were not pleaded as affirmative defenses or matters of avoidance. *See* Tex.R.Civ.P. 94. The McDonalds cite no cases in which an auctioneer has had to so plead, and we are aware of none.

■ Finally, the McDonalds next claim that the county civil court at law erred in finding that Shook redeemed Unit C–22 before its sale. They argue that the sale was completed when the two sealed bids were tendered, and they specifically point to the Boat Barn's stipulation that the auction ceased "within an hour or two." The McDonalds, however, use this stipulation out of context.

The Boat Barn's employee, Peggy Hill, testified as follows concerning the November 9 sale:

[PEGGY HILL]: In my opinion, we did not have an auction. I took sealed bids. In my opinion, when you have an auction, it's when someone purchases a unit, they come immediately to the office and pay for it. They put their lock on it. That [is] what an auction is. You've accepted money.

In this case, I accepted sealed bids, which were given to the owner later in the evening. So, in my opinion, I did not have an auction.

Q [MCDONALDS' COUNSEL] At what point in your opinion did the auction close?

[BOAT BARN'S COUNSEL]: Your Honor, again, we will stipulate, and I think in the interest of time, that she took two bids. And that she stopped taking two bids after she had received the second bid. There is testimony that she never took another bid. So we'll even stipulate that within an hour or so, if it will help, that the auction ceased.

Read in context, the Boat Barn did not stipulate that a sale occurred. As we have previously discussed, the sale was never completed because the auctioneer never accepted the McDonalds' bid.

We overrule issue two.

■ The Boat Barn raises two issues, claiming that the county civil court at law should have awarded it attorney's fees and damages for a groundless suit. The Boat Barn, however, did not file its own notice of appeal, so it has waived these complaints. *See* Tex.R .App.P. 25.1(c) ("The appellate court may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause.").

Finally, the McDonalds filed in this Court a motion to strike the Boat Barn's appellate brief. We deny the motion.

### Conclusion

The judgment of the trial court is affirmed.