# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00755-CV

**Indemnity Insurance Company of North America, Appellant**

**v.**

**Martin Bowie, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
## NO. GN302472, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Indemnity Insurance Company of North America appeals from the judgment awarding disability benefits to Martin Bowie under the Texas Worker's Compensation Act. Appellant contends that the judgment is void because Bowie did not send a copy of the proposed judgment to the executive director of the Texas Worker's Compensation Commission at least thirty days before the district court signed the judgment. *See* Tex. Lab. Code Ann. § 410.258(a) (West Supp. 2005). We affirm the judgment of the district court.

Bowie sought judicial review of the denial of benefits by an appeals panel of the Commission. Based on a jury verdict, the district court reversed the appeals panel's decision by judgment signed September 20, 2004. Bowie filed a motion to modify the judgment, requesting that the court reduce the time period for which he was found to be disabled to conform with the administrative hearing date. *See id*. § 410.302 (West 1996) (trial covers only issues heard by appeals

panel). In the motion to modify, Bowie stated that he sent a copy of the proposed new judgment to the Commission on September 29, 2004, and he requested that the court sign the modified judgment after November 1, 2004. The district court signed the judgment on November 2, 2004.

Appellant contends that the November 2, 2004 judgment is void because Bowie failed to comply with statutory requirements for notice to the Commission. The party who initiates a suit for judicial review must deliver to the Commission's executive director a copy of any proposed judgment not later than thirty days before the date on which the court is scheduled to enter the judgment. Tex. Lab. Code Ann. § 410.258(a). Failure to comply makes the judgment void. *Id*. § 410.258(f); *see Insurance Co. of Pa. v. Martinez*, 18 S.W.3d 844, 847 (Tex. App.—El Paso 2000, no writ).

The record does not support appellant's contention regarding delivery of the proposed judgment to the executive director. Appellant asserts that Bowie did not send a copy of the proposed modified judgment to the Commission. Nothing in the appellate record supports this assertion.[1] The only reference in the clerk's record to compliance or noncompliance with the delivery requirement is Bowie's statement in his motion to modify that he filed the proposed modified judgment with the

---

[1] Appellant attaches to its brief copies of documents that are not part of the appellate record and are not properly before us. *See Mitchison v. Houston Indep. Sch. Dist.*, 803 S.W.2d 769, 771 (Tex. App.—Houston [14th Dist.] 1991, writ denied); *see also CVN Group, Inc. v. Delgado*, 47 S.W.3d 157, 166 (Tex. App.—Austin 2001), *rev'd on other grounds*, 95 S.W.3d 234 (Tex. 2002); *see generally* Tex. R. App. P. 34.1, 38.1(j).

We note, however, that the documents do not support appellant's contention. Appellant has submitted a copy of a letter dated September 29, 2004, addressed to the Commission, with enclosure that appears to demonstrate that Bowie did, in fact, deliver a copy of the proposed judgment to the Commission's executive director in a timely fashion. This letter is included in appellant's briefing but is unexplained and unrebutted.

Commission on September 29, 2004. Nothing in the record challenges Bowie's statement, which he reiterates in his appellate brief. Therefore, the record does not support appellant's assertion that Bowie failed to comply with the notice requirement and thereby rendered the November 2, 2004 judgment void. There are no other challenges to the validity of the November 2, 2004 judgment.

Because the November 2, 2004 judgment is valid on its face, we need not consider appellant's contentions that Bowie's failure to provide the Commission with a copy of the proposed judgment thirty days before the September 20, 2004 judgment rendered that earlier judgment void.[2]

Bowie contends that we must remand this cause to the district court so that the district court can approve an award of attorney's fees to Bowie's attorney. However, adding an award of attorney's fees would alter the judgment. A party who asks this Court to alter the judgment must file a notice of appeal. *See* Tex. R. App. P. 25.1(c). The record does not contain a notice of appeal from Bowie. Accordingly, we cannot consider his request for remand for the district court to award attorney's fees. *See id*.; *see also CHCA East Houston, L.P. v. Henderson*, 99 S.W.3d 630, 636 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *McDonald v. Boat Barn*, 994 S.W.2d 763, 765 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *Davis v. Twin City Fire Ins. Co.*, 865 S.W.2d 231 (Tex. App.—Texarkana 1993), *aff'd as modified on other grounds*, *Twin City Fire Ins. Co. v. Davis*, 904 S.W.2d 663 (Tex. 1995).

---

[2] We also note that appellee filed a motion to dismiss appellant's points because appellant did not file a notice of appeal timely after the September 20, 2004 judgment. But the perfection timetable is based on the date of the final judgment—here, November 2. *See generally* Tex. R. App. P. 33.1. Although we need not consider the merits of appellant's complaints about the September 20 judgment, we have jurisdiction over them. We overrule appellee's motion to dismiss.

3

We affirm the November 2, 2004 judgment.


_____

G. Alan Waldrop, Justice

Before Justices B. A. Smith, Patterson and Waldrop

Affirmed

Filed:   February 16, 2006