**Jack A. CLIFF, Appellant,**

v.

**E.V. BONNER, Jr., Appellee.**

**No. 13–88–115–CV.**

Court of Appeals of Texas, Corpus Christi.

May 4, 1989.

Rehearing Denied June 1, 1989.

Thomas M. Schumacher, Corpus Christi, for appellant.

Scott J. Duncan and Porter, Rogers, Dahlman, Gordon & Lee, Corpus Christi, for appellee.

Before SEERDEN, UTTER, and DORSEY, JJ.

## OPINION

SEERDEN, Justice.

Appellant challenges a post-answer default judgment by a point of error claiming the trial court lost jurisdiction when he removed the cause to federal court.

On June 3, 1986, appellee filed a petition in a state district court, suing appellant individually on two promissory notes appellant signed individually and as president of the Cliff Company d/b/a Cliff Oil and Gas. Appellant counterclaimed for fraud and usury. The case was set for trial on December 15, 1987. Appellee appeared and announced ready for trial, but appellant did not appear in person, announced through his attorney that he was not ready, and did not participate in the trial. The transcript contains a judgment signed December 15, 1987, in which the trial court ruled for appellee, awarding him the amounts of the notes according to appellee's pleadings, with interest and attorney's fees. Also filed on December 15, 1987, in the trial

court is appellant's notice of removal, in which he informs the court that he has applied to remove the case to the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

Attached to appellee's notice of removal is an Application for Removal addressed to the bankruptcy court. The application alleges that Cliff Company, Inc., d/b/a Cliff Oil and Gas, filed a voluntary petition in that court in 1984, and that the lawsuit Bonner filed against Cliff (this suit) is directly related to the bankruptcy in that Bonner "could receive full or partial payment for this note under the above captioned bankruptcy proceeding from the Cliff Company, Inc. Thus, any liability that Jack A. Cliff might have, which liability is denied, could be offset, in toto or in part, by a payment under any reorganization plan or liquidation ordered herein. Thus, this action is one which may be removed. . . ."

Also attached is a bond for $500, but no approval is shown. Later in the transcript, attached to plaintiff's response to defendant's motion for new trial filed February 11, 1988, is an order dismissing the Cliff Company bankruptcy on July 6, 1987.

The record contains no transcription of the proceedings on December 15, 1987, but the civil docket reflects that the defense announced that the case had been removed to the bankruptcy court. The docket entry continues, "[I]nquiry was made by court as to the existence of any order of and court of competent jurisdiction ordering the court not to proceed, after notice of the court intent to proceed, counsel for defendant . . . declined to further participate. . . ."

Under 28 U.S.C.S. 1452(a) (Law.Co-op Supp.1988), a party may remove a civil cause such as this one "to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title [28 U.S.C.S. § 1334]." Section 1334(a) gives federal district courts jurisdiction over title 11 bankruptcy cases and § 1334(b) gives jurisdiction over all civil proceedings related to title 11 cases.

The procedure for removal is set out in 28 U.S.C.S. § 1446 (Law.Co-op 1977 & Supp.1988). Subsection (a) requires that a defendant must file a verified removal petition "in the district court of the United States for the district and division within which such action is pending" together with the process, pleadings, and orders served on him in the action. Subsection (b) requires the petition for removal to be filed within 30 days of the time when, from the papers in the case, it can be ascertained that the case is removable. Subsection (d) requires a bond and subsection (e) states,

Promptly after the filing of such petition for removal of a civil action and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

Removal is not effected until all of the steps are completed. *See Lowe v. Jacobs,* 243 F.2d 432, 433 (Fifth Cir.1957); 28 U.S. C.S. § 1446(e); *see also Brentwood Financial Corp. v. Lamprecht,* 736 S.W.2d 836, 843–45 (Tex.App.—San Antonio 1987, writ ref'd n.r.e.). Both parties urge *Consolidated Underwriters v. McCauley,* 320 S.W.2d 60, 61 (Tex.Civ.App.—Beaumont 1959, writ ref'd n.r.e.), *cert. denied and appeal dism'd,* 361 U.S. 14, 80 S.Ct. 109, 4 L.Ed.2d 52 (1959). In that case, however, formalities of removal were not contested.

The burden is upon appellant to present a record showing error requiring reversal. *Murray v. Devco, Ltd.,* 731 S.W.2d 555, 557 (Tex.1987); *Englander v. Kennedy,* 428 S.W.2d 806, 807 (Tex.1968); Tex.R.App.P. 50(d). We presume the regularity of the judgment in the absence of controverting matter in the record. *McElyea v. Parker,* 81 S.W.2d 649, 653 (Tex. Comm'n App.1935, opin. adopted); *Dorfman v. Dorfman,* 457 S.W.2d 417, 421 (Tex.Civ.App.—Texarkana 1970, no writ); *King v. King,* 91 S.W.2d 511, 512 (Tex.Civ. App.—El Paso 1936, writ dism'd) (on reh'g); *see Travelers Insurance Co. v. Brown,* 402 S.W.2d 500, 504–505 (Tex.1966).

In *Williams v. Greer,* 122 S.W.2d 247, 249 (Tex.Civ.App.—Dallas 1938, no writ) the court held that the allegations of a petition were sufficient to give subject matter jurisdiction to a county court, and since nothing in the record on appeal showed otherwise, that court had jurisdiction. *Maddux v. Booth,* 108 S.W.2d 329, 331 (Tex.Civ.App.—Amarillo 1937, no writ) and *Roberson v. Keck,* 108 S.W.2d 840, 845 (Tex.Civ.App.—Fort Worth 1937), *writ dism'd,* 130 S.W.2d 287 (Tex.Comm'n App. 1939, opin. adopted) report a presumption that a trial court correctly determined its jurisdiction.

In determining appellant's attack on the jurisdiction of the trial court, we turn to the record. Nothing in the record shows whether the removal petition in the transcript was filed with the clerk of the State court before or after the trial court signed the judgment. The record also fails to disclose whether appellant filed the bond in federal court or gave appellee written notice of removal in compliance with the removal statute.

Moreover, the petition for removal does not meet the requirement of 28 U.S.C.S. § 1446(b) that it be filed within 30 days of the case becoming removable. Removal statutes are strictly construed. *Richmond, Fredericksburg & Potomac Railroad Co. v. Intermodal Services, Inc.,* 508 F.Supp. 804, 806 (E.D.Va.1981). The same statute governs removal of diversity cases and of bankruptcy matters from state courts. *In re Watson–Mahaney, Inc.,* 70 B.R. 578, 580–81 (Bankr.N.D.Ill.1987); *Allen County Bank & Trust v. Valvmatic International Corp.,* 51 B.R. 578, 581 (Bankr.N.D.Ind.1985). The Fifth Circuit has recognized the 30 day rule in diversity cases, although it can be waived. *Getty Oil Corp. Division of Texaco, Inc. v. Insurance Co. of North America,* 841 F.2d 1254, 1261–63 (5th Cir.1988). Failure to comply with the time requirement deprives the federal court of jurisdiction, and summary dismissal is thus appropriate. *United States ex rel. Walker v. Gunn,* 511 F.2d 1024, 1027 (9th Cir.1975), *cert. denied,* 423 U.S. 849, 96 S.Ct. 91, 46 L.Ed.2d 72 (1975);

*Padden v. Gallagher,* 513 F.Supp. 770, 771 (E.D.Wis.1981).

We hold that appellant has not discharged his burden to show error requiring reversal. We overrule his point of error and AFFIRM the trial court's judgment.