Bettie BELL, Appellant,

v.

ZURICH AMERICAN INSURANCE
COMPANY, Appellee.

No. 05–09–00284–CV.

Court of Appeals of Texas,
Dallas.

Oct. 20, 2009.

Supplemental Opinion Denying Rehearing
March 2, 2010.

Rehearing Overruled April 13, 2010.

Before Chief Justice THOMAS and Justices O'NEILL and MURPHY.

## OPINION

Opinion By Chief Justice THOMAS.

Appellant Bettie Bell raises two issues in this appeal from a judgment in a workers' compensation case involving the impairment rating governing appellant Bell's claim for benefits. Bell generally contends the trial court erred in granting the partial summary judgment in favor of appellee Zurich American Insurance Company. We affirm the judgment in part and reverse the judgment in part and render

judgment that Bell's impairment rating is 10 percent.

## Background

Bell sustained a compensable injury to the lower back while in the course of her employment. Her employer carried workers' compensation insurance coverage through Zurich. Bell filed a workers' compensation claim. A benefit contested case hearing was conducted by the Division [1] to resolve the issue of the percentage of Bell's impairment rating. *See* TEX. LAB. CODE ANN. § 401.011(24) (Vernon Supp. 2009) ("impairment rating" means percentage of permanent impairment of whole body resulting from compensable injury); 28 TEX. ADMIN. CODE § 130.1(c)(1) (2009) (Tex. Dep't Ins., Div. of Workers' Comp., Impairment Income Benefits). The Division considered the findings of two doctors. *See* TEX. LAB.CODE ANN. § 408.121 (Vernon 2006) (injured worker may become entitled to receive impairment benefits based on impairment rating assigned by physician). Bell's treating doctor, Bernie McCaskill, M.D., assessed Bell's impairment rating as 10 percent based on the American Medical Association's (AMA's) *Guides to the Evaluation of Permanent Impairment,* Fourth Edition. Stuart Small, M.D. was appointed by the Division to act as a designated doctor for assignment of Bell's impairment rating. *See* TEX. LAB.CODE ANN. § 408.125 (Vernon 2006); 28 TEX. ADMIN. CODE § 126.7(a) (2009) (Tex. Dep't Ins., Div. of Workers' Comp., General Provisions Applicable to All Benefits). Dr. Small assigned a 20 percent impairment rating based on the Division's Advisory 2003–10.

---

1. Effective September 1, 2005, the legislature dissolved the Texas Workers' Compensation Commission and created the Division of Workers' Compensation within the Texas Department of Insurance. Act of June 1, 2005, 79th Leg., R.S., ch. 265, § 8.001, 2005 Tex. Gen. Laws 469, 607. In this opinion, we will refer to the agency as the Division.

Zurich disputed Dr. Small's determination of 20 percent impairment rating because it was based upon a workers' compensation Advisory rather than the AMA's *Guides.* The hearing officer issued a decision and order determining that Bell has a 20 percent impairment rating based on application of Division Advisory 2003–10. The labor code provides for review of a hearing officer's decision by the Division's appeals panel. *See* TEX. LAB.CODE ANN. § 410.203 (Vernon 2006). Zurich appealed the hearing officer's ruling to the Division's appeals panel, but the appeals panel did not reverse that decision, which became the final action of the Division. *See* TEX. LAB.CODE ANN. § 410.204(c) (Vernon 2006).

Zurich appealed the Division's decision to the trial court. *See* TEX. LAB.CODE ANN. §§ 410.251, 410.252 (Vernon 2006). Zurich contended Bell's impairment rating is 10 percent and the 10 percent impairment rating results in a reduction of impairment income benefits and precludes Bell's entitlement to supplemental income benefits. *See* TEX. LAB.CODE ANN. § 408.142(a) (Vernon 2006) (if injured worker is assigned impairment rating of 15 percent or higher, worker may become eligible for supplemental income benefits after expiration of impairment income benefits).

Zurich filed a motion for summary judgment. The trial court granted Zurich's summary judgment in part. The trial court found Dr. Small's impairment rating should be set aside because it was based on a Division Advisory and Dr. Small should be afforded an opportunity to render an appropriate impairment rating in conformity with statutory requirements.

The trial court reversed the hearing officer's decision and reversed and set aside the Division's 20 percent impairment rating. Bell filed this appeal asserting the trial court erred in granting Zurich partial summary judgment. On appeal, Zurich concedes the trial court's judgment should be reversed in part.

## Standard of Review

The standard for reviewing a traditional motion for summary judgment is well-established. *See Sysco Food Servs. v. Trapnell,* 890 S.W.2d 796, 800 (Tex.1994); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp.,* 12 S.W.3d 172, 175 (Tex.App.-Dallas 2000, pet. denied). A party moving for traditional summary judgment is charged with the burden to establish that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich,* 28 S.W.3d 22, 23 (Tex.2000) (per curiam).

## Discussion

■ It is clear from the facts presented to us that the only issue under dispute between the parties and to be resolved by the trial court was the extent of impairment suffered by Bell.[2] In its motion for summary judgment, Zurich asserted that as a result of the invalidity of Advisory 2003–10, Dr. Small's 20 percent impairment rating is invalid. The trial court granted Zurich summary judgment in part, finding that Dr. Small's impairment

---

**2.** Bell complains about various documents and trial court proceedings. However, she gives no substantive argument regarding any error or impact on this appeal. She cites no case or controlling law to provide this Court with authority in support of her assertions. Bell has accordingly waived these complaints due to inadequate briefing. *See* TEX.R.APP. P. 38.1(h), (i).

rating should be set aside because it was based upon an invalid Advisory.

In *Texas Department of Insurance, Division of Workers' Compensation v. Lumbermens Mutual Casualty Company*, 212 S.W.3d 870 (Tex.App.-Austin 2006, pet. denied), Lumbermens filed suit against the Division seeking judicial review of a Division decision in a contested case hearing applying the Advisories 2003–10 and 2003–10B. Lumbermens sought a declaration that the Advisories are inconsistent with rule 130.1 and that their issuance and application is outside the Division's statutory authority. *Lumbermens*, 212 S.W.3d at 873–74. *See* 28 Tex. Admin. Code § 130.1(c)(2) ("A doctor who certifies that an injured employee has reached [maximum medical improvement] shall assign an impairment rating for the current compensable injury using the rating criteria contained in the appropriate edition of the AMA Guides to the Evaluation of Permanent Impairment, published by the American Medical Association (AMA Guides).") In *Lumbermens*, the Austin court of appeals affirmed a district court declaration that Division Advisories 2003–10 and 2003–10B regarding impairment rating methods constituted an invalid attempt by the Division at ad hoc rulemaking and that the application of the Advisories was an ultra vires act by the Division. *Lumbermens*, 212 S.W.3d at 875. The court of appeals held that the Advisories contradict the fourth edition of the *Guides* and thus contradict labor code section 408.124 and Division rule 130.1, affirmed the trial court's declaration that issuance of the Advisories was invalid, and enjoined their continued use. *Lumbermens*, 212 S.W.3d at 876–77. *See* Tex. Lab.Code Ann. § 408.124(a) (Vernon 2006) ("An award of an impairment income benefit, whether by the commissioner or a court must be based on an impairment rating determined using the impairment rating guidelines described by this section.").

Following the *Lumbermens* decision, the Division issued Texas Department of Insurance Commissioners' Bulletin No. B–0033–07 which provides that Advisories 2003–10 and 2003–10B "shall no longer be used in determining impairment ratings." Tex. Dep't of Ins. Commissioners' Bulletin No. B–0033–07 (July 18, 2007); *Fireman's Fund Ins. Co. v. Weeks*, 259 S.W.3d 335, 342 (Tex.App.-El Paso 2008, pet. denied). Subsequent Division appeals panels have overturned contested case hearing decisions in which the impairment rating adopted by the hearing officer was based on the application of the Advisories. *See* Appeal No. 071186, 2007 WL 2446096, at *2 (Tex. Dep't of Ins., Div. of Workers' Comp., Aug. 1, 2007); Appeal No. 071068, 2007 WL 2446093, at *2 (Tex. Dep't of Ins., Div. of Workers' Comp., July 25, 2007). *See also Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 526 (Tex.1995) (workers' compensation act "specifically requires all determinations of impairment to be made under the Guides."); 28 Tex. Admin. Code § 130.1(c)(2)(B)(i) (appropriate edition of AMA Guides for certifying examinations conducted on or after October 15, 2001 is fourth edition of AMA Guides); *Lumbermens Mut.*, 212 S.W.3d at 876 ("[T]he fourth edition of the *Guides* is the only permissible source for determining impairment ratings within the Texas workers' compensation system.").

Accordingly, it is not appropriate under the *Guides* for an examining doctor to base his determination of an impairment rating on Advisory 2003–10 or 2003–10B. Dr. Small's impairment rating was based on Advisory 2003–10, and it is, therefore, invalid. *See Weeks*, 259 S.W.3d at 343 (Advisories 2003–10 and 2003–10b invalid from issuance); Appeal No. 071186, 2007 WL 2446096, at *2 (adoption of impair-

ment rating based on Advisories is legal error and must be reversed). We affirm the trial court's judgment reversing the Division's impairment rating of 20 percent, and we overrule Bell's issues complaining of such action by the trial court.

■ In its motion for summary judgment, Zurich further asserted that as a result of the invalidity of Advisory 2003–10, Dr. McCaskill's 10 percent impairment rating is the only viable and valid impairment rating. Therefore, Zurich contends that as a matter of law, Bell's impairment rating is 10 percent. The trial court's judgment does not order an impairment rating as to Bell. On appeal, Bell argues that if the 20 percent impairment rating is not valid, the trial court should have entered a judgment setting at least a 10 percent impairment rating. Zurich concedes the judgment should be reversed with regard to the trial court's ruling that there is no valid impairment rating and that the designated doctor, Dr. Small, should be afforded an opportunity to render an impairment rating in conformity with statutory requirements, rather than based on the Division's Advisory. Zurich contends this Court should render judgment on the issue of Bell's 10 percent impairment rating.

In a judicial review case, the court or jury must adopt the specific impairment rating of one of the physicians in the underlying administrative case. TEX. LAB. CODE ANN. § 410.306(c) (Vernon 2006). In other words, the requirement that the impairment rating match one of the physicians' findings is part of the substantive statutory scheme. *Garcia*, 893 S.W.2d at 528. *See also* Appeal No. 071186, 2007 WL 2446096, at *2 (Division appeals panel reversed invalid impairment rating based on Advisory 2003–10 and rendered decision of only other impairment rating in evidence before Division).

In the present case, there are only two impairment ratings assigned for Bell that were in evidence before the Division: Dr. Small's 20 percent impairment rating utilizing Division Advisory 2003–10 and Dr. McCaskill's 10 percent impairment rating utilizing the Fourth Edition of the AMA's *Guides*. The trial court was bound by the ratings that were presented for its consideration and was required to adopt the specific rating of one of the physicians in the case. As a result of the invalidity of Division Advisories 2003–10, Dr. Small's 20 percent impairment rating is invalid, leaving Dr. McCaskill's 10 percent impairment rating as the only viable and valid impairment rating the trial court could adopt. *See* TEX. LAB.CODE ANN. § 410.306(c).

In its judgment, the trial court found Dr. Small's rating was invalid and Dr. Small should be "afforded an opportunity to render an appropriate rating." Here, the appeals panel did not reverse the hearing officer's decision, and the hearing officer's decision is the final decision on the merits for the purpose of the district court's review. To the extent that the trial court's judgment contemplates this matter being reconsidered by the Division, the labor code does not permit such reconsideration or the Division's reopening of evidence of Bell's impairment rating. *See Tex. Workers' Comp. Comm'n v. Harris County*, 132 S.W.3d 139, 146 (Tex.App.-Houston [14th Dist.] 2004, no pet.) ("Although we can understand why it might seem appropriate to remand the issue of appellant's impairment rating to the appeals panel, no mechanism in the labor code allows for such a remand."); *Tex. Workers' Comp. Comm'n v. Tex. Mut. Ins. Co.*, 119 S.W.3d 886, 887 (Tex.App.-Dallas 2003, no pet.) ("[N]othing in the labor code allows the trial court to send matters back to the appeals panel. Further, no mechanism exists in the code for address-

ing matters remanded from the trial court, and there are no applicable time deadlines that would ensure the appeals panel's timely determination of those matters.").

■ On appeal Bell contends an impairment rating of 14 percent should be assigned, because in answer to deposition on written questions Dr. Small stated that if he had utilized the AMA *Guides* to calculate Bell's impairment rating, Bell would have had a 14 percent impairment rating. However, that statement by Dr. Small was not before the Division and the Division was not presented with any evidence of a 14 percent impairment rating. On judicial review, evidence of the extent of impairment is limited to that presented to the Division. TEX. LAB.CODE ANN. § 410.306(c). *See also Garcia,* 893 S.W.2d at 528 (fact finder may not find impairment rating other than one of percentages in evidence before Division); *Ausaf v. Highlands Ins. Co.,* 2 S.W.3d 363, 367 (Tex.App.-Houston [1st Dist.] 1999, pet. denied) (amended certification of maximum medical improvement not admissible in district court because was not evidence presented to Division). The only exception to this rule is where the trial court makes a threshold finding that the claimant's condition has substantially changed, which did not occur in the case at bar. *See* TEX. LAB.CODE ANN. § 410.307(a) (Vernon 2006). Because there was no evidence of a 14 percent impairment rating presented to the Division, we conclude Bell's argument that the trial court should have assigned her a 14 percent impairment rating is ill-founded.

We overrule Bell's issues to the extent she complains of the trial court's failure to affirm the Division's impairment rating of 20 percent. We sustain Bell's issues to the extent she complains the trial court erred in failing to enter judgment that Bell's impairment rating is 10 percent.

### Conclusion

We reverse the trial court's judgment in part and render judgment that Bell's impairment rating is 10 percent. In all other respects, we affirm the trial court's judgment.

### SUPPLEMENTAL OPINION ON MOTION FOR REHEARING

Opinion by Chief Justice THOMAS (Ret.).[1]

Appellant Bettie Bell has filed a motion for rehearing containing three issues. For the reasons stated herein, we deny appellant's motion for rehearing.

■ In the second issue of her motion for rehearing, appellant asserts this Court lacks jurisdiction over this appeal. Appellate jurisdiction is fundamental and can be raised at any time during the appeal. *See Tullos v. Eaton Corp.,* 695 S.W.2d 568, 568–69 (Tex.1985). Therefore, in this supplemental opinion, we address the second issue of appellant's motion for rehearing.

■ Appellant asserts the trial court's judgment in this matter is void because the proposed judgment was not filed with the Texas Department of Insurance, Division of Workers' Compensation (Division) at least thirty days before the judgment was signed. *See* TEX. LAB.CODE ANN. § 410.258(a) (Vernon 2006). Section 410.258(f) of the labor code provides that a judgment entered or settlement approved by the trial court in a proceeding involving judicial review of a final workers' compensation administrative decision under chap-

1. The Honorable Linda Thomas, Chief Justice (Ret.), Court of Appeals, Fifth District of Tex- as at Dallas, sitting by assignment.

ter 410 of the labor code must comply with the section 410.258(a), or the judgment entered or settlement approved is void. TEX. LAB.CODE ANN. § 410.258(f).

We presume regularity of the judgment absent controverting evidence. *See Casillas v. State Office of Risk Mgmt.,* 146 S.W.3d 735, 738 (Tex.App.-El Paso 2004, no pet.). In accordance with the presumption of regularity of judgment, the complaining party carries the burden to establish why the reviewing court may not apply the presumption. *S. Ins. Co. v. Brewster,* 249 S.W.3d 6, 14 (Tex.App.-Houston [1st Dist.] 2007, pet. denied).

Here the record and the trial court's judgment are silent as to whether the proposed judgment complied with section 410.258(a) of the labor code. *See Ins. Co. of State of Pa. v. Orosco,* 170 S.W.3d 129, 134–135 (Tex.App.-San Antonio 2005, no pet.) (reviewing court presumes regularity of judgment absent controverting evidence; both judgment and record silent on whether parties complied with section 410.258(a); judgment not void); *Casillas,* 146 S.W.3d at 739 (Tex.App.-El Paso 2004, no pet.) (judgment and record silent on question of compliance with section 410.258; judgment not void). Therefore, appellant has failed to carry her burden. We deny appellant's second issue of her motion for rehearing.

In the first and third issues of her motion for rehearing, appellant asserts arguments not presented by appellant's presubmission brief to this Court. Having waived such arguments by her presubmission brief, appellant may not resurrect them via a motion for rehearing. TEX. R.APP. P. 38.1(i); *Coastal Liquids Trans. v. Harris County Appraisal Dist.,* 46 S.W.3d 880, 885 (Tex.2001). We deny appellant's first and third issues of her motion for rehearing.

Accordingly, we overrule appellant's motion for rehearing.