**AFFIRM; Opinion Filed March 5, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01718-CV

**PATRICK HUDSON, Appellant**
**V.**
**SOUTHERN INSURANCE COMPANY, Appellee**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-10636**

## MEMORANDUM OPINION
Before Justices Bridges, Fillmore, and Lewis
Opinion by Justice Lewis

Appellant Patrick Hudson ("Hudson") appeals from a judgment rendered in favor of appellee, Southern Insurance Company ("Southern"). In four issues, Hudson challenges the trial court's evidentiary rulings; and its findings of fact and conclusions of law. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We conclude the trial court did not err in the evidentiary rulings, and the record supports the findings of fact and conclusions of law. We affirm the trial court's judgment.

### Background

In the course of Hudson's employment on November 6, 2008, Hudson was working as a material handler and lacerated his right thumb. Hudson's employer carried workers' compensation insurance coverage through Southern.

Between November 2008 and March 2011, Hudson was examined by at least nine different doctors.[1] On January 19, 2009, Hudson presented to Dr. Michael LeCompte, a doctor appointed by the Texas Department of Insurance Division of Workers Compensation ("DWC") to serve as a designated doctor to determine Hudson's date of maximum medical improvement ("MMI"), impairment rating ("IR"), and ability to return to work. Lecompte determined Hudson's MMI on January 19, 2009, with an IR of 4% for the right thumb.

On June 29, 2009, Hudson presented to Dr. Charita Littles, another designated doctor, to determine the extent of Hudson's compensable injury. Littles determined the injury to Hudson's right thumb was compensable and reported Hudson's current symptoms and limitations to only be the thumb injury. However, Littles' report also stated hypertension, anxiety, low back pain, and chronic pain[2] were all non-compensable.

On July 30, 2009, Hudson presented to Dr. Paul Vu who found Hudson at MMI on January 19, 2009, with an IR of 2% based on injury to his right thumb. Vu's report notes the "current subjective complaints" are limited to pain from the thumb extending to the right forearm and elbow.

On December 28, 2009, a contested case hearing was held and it was determined that the compensable injury included anxiety, depression, and chronic pain disorder, but did not include right thumb nerve damage.[3] On July 23, 2010, DWC issued an amended order requesting an evaluation of Hudson regarding anxiety, depression, and chronic pain.

---

[1] The record contains no evidence of an initial workers' compensation claim filed by Hudson; only evidence of a disagreement between Hudson and the Texas Department of Insurance Division of Workers Compensation regarding the amount for a compensable injury.

[2] The report made on the day of Hudson's injury notes he was taking medication for hypertension. In the "Review of Records" section of Littles' report, it is noted: "On February 12, 2009, there was a notice of dispute of services involving the low back pain, chronic pain, depression and high blood pressure."

[3] On this record, we cannot determine why the DWC decided Hudson's compensable injury included depression, anxiety, and chronic pain and excluded injury from his right thumb. Further, the evidence in the record does not provide us with information regarding who presided over this contested case proceeding.

On August 6, 2010, Hudson presented to another designated doctor, Dr. Ronald Heisey who determined the MMI on February 3, 2009, with an IR of 1% based on injury of the right thumb. Heisey further reports:

> With regard to depression, even though the claimant was diagnosed with depression on 01/27/09, he was never given antidepressants until 01/15/10, when he began receiving Paxil with Dr. Padilla. . . . There was no evidence on my examination of any psychosis. It is my impression that at best, he might have a very mild depression because he is not able to find work, which is being well treated with Paxil. I feel this is a transient phenomenon and will resolve when he returns to work.

On November 2, 2010, Hudson presented to Dr. Ronald Washington, a physician of Hudson's choice. Washington determined the IR of 10% based on a diagnosis of post-traumatic stress disorder with major depression and did not rate the injury to Hudson's thumb.

On March 11, 2011, Hudson presented to Dr. Andrew Brylowski, for a carrier-requested medical examination. Brylowski determined Hudson was exhibiting extreme symptom over-reporting and diagnosed Hudson with malingering. Brylowski opined that any symptoms of anxiety or depression, or any psychiatric disorder, would not be, in reasonable medical probability, related to the compensable thumb injury.

On May 5, 2011, another contested hearing was held and the DWC issued a Decision and Order on May 11, 2001. This Decision and Order determined Hudson's MMI was on February 2, 2009, with an IR of 1%. Hudson filed suit against Southern on August 25, 2011. The trial court upheld the decision of the DWC and Hudson now appeals the trial court's judgment.

**Analysis**

Because Hudson's third and fourth issues are presented as jurisdictional claims, we address these issues first. Hudson's third and fourth issues contend the trial court "lacked jurisdiction" to affirm the appeals' panel findings on the issues of Hudson's proper IR and date of MMI. Hudson claims the trial court lacked jurisdiction because "the trier of fact has

–3–

jurisdiction only to adopt an impairment rating assigned by a doctor in the underlying administrative case." The legal authority on which Hudson relies is a case from this Court that states, "In a judicial review case, the court or jury must adopt the specific impairment rating of one of the physicians in the underlying administrative case." *Bell v. Zurich Am Ins. Co.*, 311 S.W.3d 507, 511 (Tex. App.—Dallas 2009, pet. denied). Hudson's complaint is directed not at the trial court's jurisdiction to hear his appeal, but at the trial court's authority to adopt an impairment rating. Accordingly, we will address Hudson's issues based on our analysis of the Labor Code as in *Bell*. *Id*.

Hudson fails to provide any argument as to why the adopted date of MMI and IR are improper. Our review of the record reveals the trial court adopted the specific MMI and IR as established by Heisey's report of August 6, 2010. Because Hudson fails to provide this Court with any argument or explanation as to why the trial court's adoption of the MMI and IR are improper, and we find support for the MMI and IR based on reports from physicians in the underlying administrative case, we overrule his third and fourth issues. *See Bell*, 311 S.W.3d at 511 ("the requirement that the impairment rating match one of the physicians' findings is part of the substantive statutory scheme."); s*ee also* TEX. R. APP. P. 38.1(i) (The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.).

In his first argument, Hudson contends the trial court abused its discretion by admitting evidence presented by an unqualified doctor. Specifically, Hudson complains about the admission of Heisey's report and opinions claiming Heisey was unqualified to give an IR on anxiety and depression. Southern responds that Hudson waived this argument by failing to object to Heisey's report and opinions at the DWC administrative level and even if Hudson had preserved his argument, the trial court did not abuse its discretion by admitting Heisey's report.

Whether to admit or exclude evidence is within the trial court's sound discretion. *Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000). We review a trial court's evidentiary decisions by an abuse of discretion standard. *Id.* at 527-28.

The Labor Code provides for a modified de novo standard of review of a decision of the appeals panel. *See* TEX. LAB. CODE ANN. § 410.304 (West 2006); *Nat'l Liab.*, 15 S.W.3d at 528. We look to the Texas Labor Code for guidelines under the Texas Workers' Compensation Act. *See* TEX. LAB. CODE ANN. §§ 401.001–419.007 (West 2006 & Supp. 2013). The language of section 410.302 is plain and unambiguous:

> A trial under this subchapter is limited to issues decided by the appeals panel and on which judicial review is sought. The pleadings must specifically set forth the determinations of the appeals panel by which the party is aggrieved.

> TEX. LAB. CODE ANN. § 410.302 (West 2006).

There is nothing in the record of the contested administrative hearing showing that Hudson complained about the qualifications of Heisey or about the DWC's selection of Heisey as a designated doctor. The DWC's Decision and Order states:

> Although the Claimant disagreed with the report of Dr. Heisey, stating it did not rate the entire injury or that Dr. Heisey did not have all of the medical records, the preponderance of the medical evidence is not contrary to Dr. Heisey's report.

Consequently, Hudson may not raise the issue of Heisey's qualifications for the first time on judicial review by the trial court. *See id.* Because he did not present the issue of proper designation or qualifications to the DWC Appeals Panel, he is precluded from raising the issue in the trial court. *See id.* Further, because Hudson was precluded from raising the issue in the trial court, it was not an abuse of discretion for the trial court to admit Heisey's report. *See Nat'l Liab.*, 15 S.W.3d at 527. Hudson's first issue is overruled.

In his second issue, Hudson challenges the trial court's findings of fact and conclusions of law. Findings of fact in a case that is tried to the court have the same force and effect as a

jury's findings. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991); *Lanier v. E. Founds., Inc.*, 401 S.W.3d 445, 459 (Tex. App.—Dallas 2013, no pet.). Therefore, we review a trial court's fact findings by the same standards used to review the sufficiency of the evidence to support a jury's findings. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994*); Lanier*, 401 S.W.3d at 459. When a trial court issues findings of fact and conclusions of law, we "indulge every reasonable presumption in favor of the findings and judgment of the trial court, and no presumption will be indulged against the validity of the judgment." *Bob Montgomery Chevrolet, Inc. v. Dent Zone Companies*, 409 S.W.3d 181, 187 (Tex. App.—Dallas 2013, no pet.) (citing *Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 252 (Tex. App.—Houston [14th Dist.] 1999, pet. denied)). When reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the fact-finding, credit favorable evidence if a reasonable fact-finder could, and disregard contrary evidence unless a reasonable fact-finder could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We review a trial court's conclusions of law de novo and will uphold the conclusions if the judgment can be sustained on any legal theory supported by the evidence. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex.2002); *Bob Montgomery Chevrolet,* 409 S.W.3d at 187.

Hudson challenges the legal sufficiency of the evidence supporting the trial court's findings of fact and conclusions of law regarding Hudson's IR and MMI date. The trial court found and concluded:

> Finding of Fact No. 2: The Plaintiff's correct date of maximum medical improvement is February 3, 2009.
>
> Conclusion of Law No. 2: Based on this finding of fact, the court affirmed the Appeals Panel finding regarding the issue of date of maximum medical improvement.
>
> Finding of Fact No. 3: The Plaintiff's correct impairment rating regarding the November 6, 2009 date of injury is 1%.

Conclusion of Law No. 3:  Based on this finding of fact, the court affirmed the Appeals Panel finding on the issue of Plaintiffs [sic] proper impairment rating.

Hudson's challenge to these findings and conclusions are based on his contention that Washington, who was not a DWC-designated doctor, gave Hudson a MMI of November 2, 2010 and a 10% IR for depression and anxiety. Washington's report does not give Hudson an IR for the injury to his thumb.

Hudson was seen by nine different doctors, three who determined Hudson's MMI and IR prior to Hudson being seen by Washington. The IRs given by the three prior doctors were 4%, 2%, and 1%. The MMIs given by the three prior doctors were January 19, 2009; January 19, 2009; and February 3, 2009. The IRs and MMIs given by the three prior doctors are similar in percentage and time. The trial court's finding of Hudson's IR of 1%  and MMI of February 3, 2009, is based on Heisey's report and the DWC Appeals Panel's determination. Based on this record, we conclude the evidence is legally sufficient to support these findings and conclusions and we overrule Hudson's second issue. *See City of Keller*, 168 S.W.3d at 827; *Bob Montgomery Chevrolet*, 409 S.W.3d at 187.

## Conclusion

Having overruled all four of Hudson's issues, we affirm the trial court's judgment.


/David Lewis/
DAVID LEWIS
JUSTICE

121718F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PATRICK HUDSON, Appellant

No. 05-12-01718-CV        V.

SOUTHERN INSURANCE COMPANY,
Appellee

On Appeal from the 101st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-11-10636.
Opinion delivered by Justice Lewis.
Justices Bridges and Fillmore participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee SOUTHERN INSURANCE COMPANY recover their costs of this appeal from appellant PATRICK HUDSON.

Judgment entered this 5th day of March, 2014.

/David Lewis/

DAVID LEWIS
JUSTICE