

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-17-00357-CV

IN THE INTEREST OF K.K, S.K.,
E.K., AND A.K., CHILDREN

----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 323-104383-17

----------

## MEMORANDUM OPINION[1]

----------

In a termination suit, the trial court signed a final order (1) removing the Texas Department of Family and Protective Services as managing conservator of siblings K.K., S.K., E.K., and A.K., (2) appointing Mother as the children's managing conservator, and (3) appointing Father as the children's possessory

---

[1]*See* Tex. R. App. P. 47.4.

conservator.[2] On appeal, Father contends that there is legally and factually insufficient evidence to support any implied findings excluding him as either a joint or sole managing conservator. We affirm.

## I. Background

The Department filed its "Original Petition for Protection of a Child, for Conservatorship, and for Termination" on January 18, 2017. The "Affidavit in Support of Removal" indicated that Father was physically abusing the oldest of the couple's four children, that Father was believed to have engaged in domestic violence with Mother, and that Mother seemed unable to protect the children. On the same date, the trial court appointed the Department as the children's managing conservator.

Father filed an "Original Answer and Counter-Petition" in which he sought (1) to have himself appointed the children's sole managing conservator, (2) in the alternative, "and without waiving any of the foregoing," he sought to be appointed joint managing conservator with the Department, and (3) in the alternative, "and without waiving any of the foregoing," he sought possessory conservatorship while "another appropriate relative[,] kinship placement" or the Department was named managing conservator.

---

[2]To protect the parties' privacy, we identify the children by their initials and identify their parents as Mother and Father. *See* Tex. Fam. Code Ann. § 109.002(d) (West Supp. 2017).

On September 6, 2017, the Department moved to modify managing conservatorship, seeking to have itself removed and to have Mother appointed as the children's managing conservator. The Department's supporting affidavit stated that Mother had (1) maintained safe, stable, and appropriate housing, (2) cooperated with the Department since the case's inception, (3) maintained a full-time job to support her children, and (4) attended school full time. As for Father, the affidavit provided that he had (1) not maintained visitation with the children since he and Mother had separated, (2) not started any of his services, (3) not supported his children in any manner, and (4) not maintained contact with the Department.

The "Notice of Hearing" on the Department's motion shows that it anticipated a hearing the next day, September 7, 2017, at 3:00 p.m. The trial court's docket sheet, however, shows that on September 7, it reset the hearing for a contest, and that on October 3, it rendered its final order appointing Mother as managing conservator and Father as possessory conservator. The "Final Order" is dated October 3, 2017.

## II. Father is not complaining about invited error.

As a preliminary matter, the Department argues that Father cannot complain about being appointed possessory conservator because possessory conservatorship was one form of alternative relief he requested in his counter-petition. That is, the Department asserts that the invited-error doctrine precludes

3

him from complaining about relief that he specifically requested. We disagree that the doctrine applies here.

The invited-error concept in Texas jurisprudence is grounded in justice and is dictated by common sense. *See In re S.T.*, 508 S.W.3d 482, 487 (Tex. App.—Fort Worth 2015, no pet.). The rule finds its roots in equity and is a form of estoppel: it bars a party from encouraging a court to take a specific action and then complaining on appeal that the trial court erred by taking it. *Id.* For a party to be estopped from asserting a position in an appellate court based on actions that it took in the trial court, the party must have unequivocally taken a position in the trial court that is clearly adverse to its position on appeal. *Id.* at 488.

Father's counter-petition did not list several forms of relief, all of which were equally acceptable to him. Rather, Father's counter-petition listed various forms of relief that he sought "without waiving any of the foregoing" earlier requested relief, starting with his first choice (sole managing conservatorship); then, if his first choice failed, his second choice (joint managing conservatorship); and only then, if choice two failed, his third choice (possessory conservatorship). Father presented his preferred alternatives in descending order.

We would expect that if Father had agreed to waive his two requests for various forms of managing conservatorship, the final order would have recited that it was an agreed order, but it does not. Instead, the final order recites that the trial court heard evidence and counsel's arguments. Contextually, Father contested the Department's motion to modify precisely because the relief it

4

sought was inconsistent with his requests for managing conservatorship in one capacity or another and because it sought the appointment of Mother as managing conservator, whereas Father's counter-petition avoided specifically advocating that Mother be appointed managing conservator. The dispute at trial was whether Father would be excluded as managing conservator, and the dispute on appeal is whether the trial court properly excluded Father as managing conservator. We hold that Father did not unequivocally take a position in the trial court that is clearly adverse to his position on appeal. *Id.* at 488.

### III. We consider only Father's amended brief.

Father's initial brief argued that there was no section 153.131 finding (explaining why a parent was not named managing conservator) as required by the family code. *See* Tex. Fam. Code Ann. § 153.131 (West 2014). Because of various briefing deficiencies, we requested that Father file an amended brief.

Father then filed a second brief that he did not identify as either a supplemental or amended brief, and in which he argued that the evidence is legally and factually insufficient to support essentially an implied section 153.131 finding. Although similar, this is not the same argument raised in Father's initial brief, and the Department's brief responds only to Father's second brief. We hold that Father's second brief is an amended brief that replaced his initial one. *See Sullivan v. Abraham*, No. 07-17-00125-CV, 2018 WL 845615, at *6 n.5 (Tex. App.—Amarillo Feb. 13, 2018, no pet. h.) (mem. op.).

## IV. Preliminary matters regarding the nature of the final hearing

Father's brief and the record present us with some preliminary matters to resolve before addressing his actual sufficiency complaints.

The "Final Order," signed on October 3, recites that (1) all the parties appeared; (2) the court reporter "duly reported" the testimony; and (3) the court "heard the evidence and argument of counsel." Everything about the "Final Order" indicates a contested evidentiary hearing on the record.

But in Father's brief, he asserts that he did not appear at the October 3 hearing, so the trial court defaulted him, did not conduct a formal hearing, and did not hear any evidence.

Regarding appearances, we note that the "Final Order" refers only to September 7 and says nothing about October 3. Nor does the trial court's docket sheet reflect who was present on October 3. So the record does not support Father's assertions—but it does not contradict them, either.

The court reporter herself later filed a letter with us in which she stated that the trial court did not conduct a hearing on the record. (The court reporter did not include any dates, but only that blanket statement.) This letter does directly contradict the recital in the "Final Order."

But in Father's brief, he does not directly attack the absence of a reporter's record and does not argue that the procedures for waiving a reporter's record were not followed. *See* Tex. Fam. Code Ann. § 105.003(c) (West 2014); Tex. R. App. P. 13.1(a). Absent controverting matter in the record, we presume

6

procedural regularity. *Cliff v. Bonner*, 770 S.W.2d 97, 98 (Tex. App.—Corpus Christi 1989, writ denied); *see Casillas v. State Office of Risk Mgt.*, 146 S.W.3d 735, 738 (Tex. App.—El Paso 2004, no pet.). Thus, without an assertion and record support that the reporter's record was improperly waived, we will presume that it was properly waived.

In the context of what was clearly a default judgment, in the past we have reversed for lack of a reporter's record when the specific complaints attacked evidentiary sufficiency. *See In re M.E.P.*, No. 2-05-148-CV, 2006 WL 417096, at *2–3 (Tex. App.—Fort Worth Feb. 23, 2006, no pet.) (mem. op.); *see also Chase Bank of TX, N.A. v. Harris Cty. Water Control & Improvement Dist. No. 109*, 36 S.W.3d 654, 655–56 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (op. on reh'g). So whether the "Final Order" is a default judgment potentially makes a difference to our disposition of Father's appeal. But we cannot tell whether the order being appealed resulted from a default; on its face and in its recitals, nothing indicates a default judgment. The Department's brief acknowledges that there is no reporter's record but otherwise sheds no insight on how the trial court conducted the hearing. Mother did not file a brief.

Appellants bear the burden to present a record showing error requiring reversal. *Cliff*, 770 S.W.2d at 98. We presume procedural regularity. *Id.*; *see Casillas*, 146 S.W.3d at 738. Beyond the bare assertions in Father's brief, the record does not show that he failed to appear for the October 3 hearing, nor does the record show that the trial court did not hear evidence on October 3. Although

7

the court reporter's letter stating that the hearing was not on the record contradicts the "Final Order," we have no record to support—and no complaint—that the reporter's record was improperly waived in the trial court. On appeal, Father bore the burden of persuasion, and he has not carried that burden. *See Cliff*, 770 S.W.2d at 98; *see also Bell v. Zurich Am. Ins. Co.*, 311 S.W.3d 507, 513 (Tex. App.—Dallas 2009, pet. denied) (op. on reh'g); *Southern Ins. Co. v Brewster*, 249 S.W.3d 6, 13–14 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

Procedurally, then, we must treat the hearing as one at which all the parties were present, where the trial court heard evidence and argument, and where the reporter's record of the hearing was presumably properly waived by the parties and approved by the court.

### V. Without a reporter's record, we presume the evidence supports the trial court's rulings.

The family code presumes that the appointment of "the parents of a child" as joint managing conservators is in the child's best interest. *Critz v. Critz*, 297 S.W.3d 464, 470 (Tex. App.—Fort Worth 2009, no pet.). To overcome this presumption, a court must find that (1) appointing the parents would significantly impair the child's physical health or emotional development, (2) the parents have exhibited a history of family violence, or (3) the parents voluntarily relinquished care, control, and possession of the child to a non-parent for a year or more. *Id.*; *see* Tex. Fam. Code Ann. § 153.131. A trial court's conclusion that the parental

8

presumption has been rebutted must be supported by specific factual findings identifying the factual basis for the finding, and the failure to make such findings constitutes error. *Critz*, 297 S.W.3d at 470. If, however, the trial court fails to make such findings, any error is waived if the complaining party fails to request additional findings. *Id.* at 472.

In a nonjury trial, the trial court is the sole judge of the witnesses' credibility and of the weight to be given their testimony. *In re F.M.B.*, No. 02-12-00153-CV, 2014 WL 70108, at *8 (Tex. App.—Fort Worth Jan. 9, 2014, no pet.) (mem. op.). The trial court is also the judge of the proven facts and the reasonable inferences to be drawn from those facts. *Id.* When presented with conflicting testimony, the factfinder may believe one witness and disbelieve another, and where factual findings and legal conclusions are neither filed nor timely requested, we imply all the necessary findings to support the trial court's judgment. *Id.*

Absent a reporter's record of the hearing on the Department's motion to modify, which we do not have, we must presume that the missing record supports the trial court's ruling. *See id.* at *10. As a result, Father cannot show that the evidence presented at the hearing was legally and factually insufficient.[3] *See id.*

---

[3]Although this might seem a harsh or Kafka-esque result if, in fact, the trial court did not hold an evidentiary hearing at all, we cannot supplement the record with conjecture but are instead bound to follow procedural rules and the presumptions that flow from them.

**VI. Conclusion**

We overrule Father's contentions and affirm the trial court's judgment.

/s/ Elizabeth Kerr
ELIZABETH KERR
JUSTICE

PANEL:  SUDDERTH, C.J.; KERR and PITTMAN, JJ.

DELIVERED:  April 5, 2018