**M.W. HAUN, Appellant,**

v.

**Tommy STEIGLEDER, Appellee.**

No. 04–91–00684–CV.

Court of Appeals of Texas,
San Antonio.

May 29, 1992.

David D. Towler, Law Offices of Royal D. Adams, P.C., San Antonio, for appellant.

Raymond S. De Leon, II, Flowers, Davis & LeGrand, San Antonio, for appellee.

Before REEVES, C.J., and CHAPA and GARCIA, JJ.

CHAPA, Justice.

Appellant, M.W. Haun, initially sought to appeal a summary judgment granted in favor of appellee, Tommy Steigleder. Thereafter, appellant filed a motion to dismiss for want of jurisdiction.

■ The original law suit was filed against appellant, M.W. Haun, and Clinton Manges. On December 13, 1989, Clinton Manges filed a suggestion of bankruptcy, notifying the court that on October 2, 1989, an involuntary bankruptcy was filed against Clinton Manges under Chapter 11 of the U.S. Bankruptcy Code. Recognizing the automatic stay resulting from the bankruptcy filed against Clinton Manges, the appellee filed a motion for severance seeking severance of the cause of action against Clinton Manges. However, the record fails to reflect that the severance was ever heard or granted.

On August 15, 1991, the trial court attempted to dispose of all parties and issues by granting a summary judgment to appellee in all respects, although the cause of action against Clinton Manges had not been severed. The issue is whether the judgment is interlocutory, which would require this court to dismiss for want of jurisdiction.

■ A final judgment disposes of all parties and issues. *Hinde v. Hinde,* 701 S.W.2d 637, 639 (Tex.1985); *Schlipf v. Exx-*

*on Corp.,* 644 S.W.2d 453, 454 (Tex.1982). However, a judgment that does not dispose of all parties and issues is interlocutory and not appealable. *Teer v. Duddlesten,* 664 S.W.2d 702, 704 (Tex.1984).

 The automatic stay provisions of the bankruptcy code, 11 U.S.C. § 362(a) (1979 & Supp.1990), provides that judicial proceedings against bankruptcy debtors are stayed. Any action taken in violation of the automatic stay, including a judgment or other court actions, is void *ab initio,* regardless of whether there was knowledge or notice of the bankruptcy. *Southern County Mut. Ins. Co. v. Powell,* 736 S.W.2d 745, 748 (Tex.App.—Houston [14th Dist.] 1987, no writ); *Wallen v. State,* 667 S.W.2d 621, 623 (Tex.App.—Austin 1984, no writ). A void judgment is not the same as an interlocutory one, since an appeal may be taken from a void order, and the appellate court may declare it void. *Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823, 827 (1961).

The summary judgment before us attempted to dispose of all the parties and issues. Thus, this judgment is final, and appealable. However, because there was an automatic stay in effect at the time of the judgment as to Clinton Manges, that part of the judgment pertaining to Clinton Manges was void, and must be set aside. Therefore, since the remaining valid summary judgment as to appellant does not dispose of all the parties or issues, and since there has been no severance of the cause of action against Clinton Manges, it has become interlocutory and unappealable. *See Teer,* 664 S.W.2d at 704.

Consequently, appellant's motion is granted, and this appeal is dismissed for want of jurisdiction.