**Carlos ORTIZ, Appellant,**

v.

**INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, Appellee.**

**No. 08–98–00096–CV.**

Court of Appeals of Texas, El Paso.

March 4, 1999.

Colbert N. Coldwell, Gregory Edward Mc-Donald, Guevara, Rebe, Bauman, Coldwell & Reedmen, L.L.P., El Paso, for Appellant.

Patrick A. Groves, Troy Brown, Dudley, Dudley, Windle & Stevens, L.L.P., El Oaso, for Appellee.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

### *OPINION*

#### ANN CRAWFORD McCLURE, Justice

Carlos Ortiz (Ortiz) appeals from an order dismissing his appeal of a final decision of the Texas Worker's Compensation Commission Appeals Panel for want of jurisdiction. Although Ortiz timely filed his original petition with the district clerk, the trial court found that it lacked jurisdiction because Ortiz failed to timely file his original petition with the Texas Worker's Compensation Commission as required by TEX.LAB.CODE ANN. § 410.253 (Vernon 1996). We reverse.

### FACTUAL SUMMARY

While employed by Silverton Construction, Ortiz sustained an on-the-job injury on March 4, 1994. He filed a notice of injury and a claim for benefits with the Texas Worker's Compensation Commission (the Commission). Following a contested case hearing, Ortiz appealed the determination of the hearing officer to the Appeals Panel. On June 5, 1996, the Appeals Panel rendered a final decision. Ortiz sought judicial review of that decision by filing an original petition with the 205th District Court of El Paso County on July 15, 1996. Ortiz mailed a copy of the petition to the Commission by certified mail, return receipt requested. The postal service delivered the document to the Commission on July 22, 1996. Subsequently, the Insurance Company of the State of Pennsylvania (Pennsylvania) filed a motion to dismiss for lack of jurisdiction alleging that Ortiz failed to timely file the petition with the Commission. At the hearing on the dismissal motion, Ortiz attempted to establish that he mailed the document on July 15, 1996 in compliance with TEX.R.CIV.P. 5. The trial court, however, found the proof insufficient to establish that the petition was mailed on July 15 and dismissed for want of jurisdiction.

### TEX.LAB.CODE ANN. § 410.253 NOT JURISDICTIONAL

In the sole issue presented on appeal, Ortiz asserts that the trial court abused its discretion in dismissing the case for want of jurisdiction.[1] A party seeking judicial review of a decision of the appeals panel must file suit not later than the fortieth day after the date on which the decision is filed. TEX.LAB. CODE ANN. § 410.252(a). The appealing party must file a copy of the petition with the appropriate court and with the Commission. TEX.LAB.CODE ANN. § 410.253. In *Adkins v. Ector County Independent School District,*

---

1. Ortiz' primary contention is that he established compliance with TEX.R.CIV.P. 5 by mailing the copy of the petition to the Commission on July 15. Implicit in this argument is the question whether non-compliance with Section 410.253's filing requirement deprives the trial court of jurisdiction.

this Court held that TEX.R.CIV.P. 5, the "mailbox rule," applies when determining whether the appealing party timely filed the petition under Sections 410.252 and 410.253. *Adkins v. Ector County Independent School District,* 969 S.W.2d 142, 145 (Tex.App.—El Paso 1998), *pet. denied,* 989 S.W.2d 363 (Tex., 1999). The Supreme Court agreed with that holding in the *per curiam* opinion denying the school district's petition for review. *See also Albertson's, Inc. v. Sinclair,* 984 S.W.2d 958, 959–960 (Tex. 1999)(holding that mailbox rule applies to Section 410.253 filings in subchapter G judicial review actions). Of more significance to this appeal, the Supreme Court further concluded in *Sinclair* that compliance with Section 410.253's requirement that a copy of the petition be filed with the Commission within the forty-day period is mandatory, but it is not jurisdictional. *Id.*

Even if the trial court correctly determined that Ortiz failed to demonstrate that he mailed the petition to the Commission on the fortieth day, July 15, the late filing of the petition on July 22 would not deprive the trial court of jurisdiction. Accordingly, the trial court abused its discretion in dismissing the case for want of jurisdiction. Issue One is sustained. The dismissal order is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.