INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, Appellant,

v.

Mike C. MARTINEZ, Appellee.

No. 08–99–00124–CV.

Court of Appeals of Texas, El Paso.

April 27, 2000.

*Blanton*, 755 S.W.2d 158, 159 (Tex.App.— Houston [1st Dist.] 1988, no writ).

Bruce Bangert, Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Odessa, for appellant.

Barry L. Hart, Law Office of Barry L. Hart, Odessa, for appellee.

Before Panel No. 3 BARAJAS, C.J., LARSEN, and CHEW, JJ.

## *O P I N I O N*

SUSAN LARSEN, Justice.

The Insurance Co. of the State of Pennsylvania, a workers' compensation insurance carrier, appeals from a summary judgment holding that an impairment rating assigned to plaintiff/appellee Mike Martinez by his treating physician had not become final, and therefore was subject to Martinez's challenge although more than ninety days had passed. We dismiss the appeal because the trial court's judgment was void for failure to provide the Texas Workers' Compensation Commission with the proposed judgment thirty days before it was entered.

### *FACTS*

Martinez was injured while working for Nabors Drilling U.S.A., Inc. in April of

1995 and filed for workers' compensation benefits. In accordance with Texas Labor Code Section 408.123(a)[1], which requires the treating physician to assign an impairment rating[2] (IR) after the injured worker reaches a state of maximum medical improvement (MMI), Martinez's physician assigned him a 10 percent whole body IR on March 1, 1996. Although the Texas Labor Code[3] requires that an impairment rating be assessed using the third edition of the *Guides to the Evaluation of Permanent Impairment,* published by the American Medical Association, it is undisputed that Martinez's physician used the fourth edition.

More than two years after his doctor assigned the initial IR, Martinez contested it, asserting that because the physician used the wrong edition of the "AMA Guides," his impairment rating had never been properly certified and had not become final despite his failure to dispute it within ninety days.[4] The hearing officer agreed that the March 1, 1996 impairment rating had not become final because the wrong edition of the Guides had been used.

The Insurance Company of the State of Pennsylvania appealed this decision to the Texas Workers' Compensation Commission Appeals Panel, countering that the rating had become final, and Martinez was now precluded from disputing it. The panel reversed the decision of the hearing officer, and held that "[T]he use of the wrong version of the AMA Guides does not invalidate the first certification.... If a party believes the first certification is incorrect for this reason, then that party must raise that during the 90 days provided by Rule 130.5(e) for disputes."

Martinez then appealed the decision of the panel to the Reeves County District Court. There, he filed a motion for summary judgment in which he again argued that the ninety-day deadline for disputing his impairment rating had never been triggered. On March 30, 1999, the trial court entered summary judgment in favor of Martinez, affirmed the hearing officer's decision, and remanded the cause to the Texas Workers' Compensation Commission (TWCC) for further proceedings. The TWCC was not given notice of the trial court's intent to enter judgment, nor was it provided with a copy of the proposed judgment. Appellant, Insurance Company of the State of Pennsylvania, now brings this appeal.

## Jurisdiction

Because jurisdiction is fundamental, an appellate court must determine,

---

1. TEX. LAB. CODE ANN. § 408.123(a) (Vernon 1996) states: "After an employee has been certified by a doctor as having reached maximum medical improvement, the certifying doctor shall evaluate the condition of the employee and assign an impairment rating using the impairment rating guidelines described by Section 408.124."

2. TEX. LAB. CODE ANN. § 401.011(24) (Vernon 1996) defines "impairment rating" as "the percentage of permanent impairment of the whole body resulting from a compensable injury."

3. TEX. LAB. CODE ANN. § 408.124 (Vernon 1996) states: (a) An award of an impairment income benefit, whether by the commission or a court, shall be made on an impairment rating determined using the impairment rating guidelines described in this section. (b) The commission shall use for determining the existence and degree of an employee's impairment "Guides to the Evaluation of Permanent Impairment," third edition, second printing, dated February 1989, published by the American Medical Association.

4. TEX. ADMIN. CODE § 130.5(e) (1991) (Texas Workers' Compensation Comm'n, Impairment Rating Disputes) states, in pertinent part: "The first impairment rating assigned to an employee is considered final if the rating is not disputed within 90 days after the rating is assigned."

even *sua sponte*, whether it has jurisdiction to consider an appeal.[5] An appellate court's jurisdiction extends no further than the jurisdiction of the trial court.[6] When the trial court acts outside its jurisdiction, the proper action by the reviewing court is to set aside the improper judgment and dismiss the appeal.[7]

■ This appellate court has no jurisdiction to consider the merits of an appeal from a void judgment.[8] A judgment is void only when it is clear that the court rendering judgment had no jurisdiction over the parties or subject matter, no jurisdiction to render judgment, or no capacity to act as a court.[9] When appeal is taken from a void judgment, the appellate court must declare the judgment void.[10] Because the appellate court may not address the merits, it must set aside the trial court's judgment and dismiss the appeal.[11]

■ The insurance company asserts that summary judgment here was void be-

cause the parties failed to comply with Texas Labor Code Section § 410.258(a) (added by Acts 1997, 75th Leg., R.S., ch. 1267, § 2, 1997 TEX. GEN. LAWS 4792, 4793, eff. Sept. 1, 1997).[12] Under that section, a party initiating proceedings for judicial review of an appeals panel decision must file any proposed judgment, including a proposed default judgment, with the executive director of the TWCC not later than the 30th day before the date on which the court is scheduled to enter the judgment. The statute specifically states that a judgment entered without complying with the requirements of this section is void.[13]

■ The purpose of this provision in the law is to prevent the use of settlement agreements and default judgments to overturn appeals panel decisions.[14] The requirement also ensures that the TWCC has notice and an opportunity to intervene in a workers' compensation lawsuit to explain why a judgment or settlement should

5. *Fandey v. Lee*, 876 S.W.2d 458, 459 (Tex. App.—El Paso 1994, no writ) (per curiam); *H.E. Butt Grocery Co. v. Bay, Inc.*, 808 S.W.2d 678, 679 (Tex.App.—Corpus Christi 1991, writ denied).

6. *George v. Phillips Petroleum Co.*, 976 S.W.2d 363, 364–65 (Tex.App.—Houston [14th Dist.] 1998, no writ) (citing *Pearson v. State*, 159 Tex. 66, 315 S.W.2d 935, 938 (1958)); *Bahr v. Kohr*, 928 S.W.2d 98, 100 (Tex.App.—San Antonio 1996, writ denied).

7. *Bahr*, 928 S.W.2d at 100; *Dallas County Appraisal Dist. v. Funds Recovery, Inc.*, 887 S.W.2d 465, 468 (Tex.App.—Dallas 1994, writ denied); *Anderson v. Anderson*, 786 S.W.2d 79, 81 (Tex.App.—San Antonio 1990, no writ); *Sanchez v. Sanchez*, 609 S.W.2d 307, 308 (Tex.Civ.App.—El Paso 1980, no writ).

8. *Mellon Service Co. v. Touche Ross & Co.*, 946 S.W.2d 862, 864 (Tex.App.—Houston [14th Dist.] 1997, no writ).

9. *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 485 (Tex.1995).

10. *Id.* at 486 (citing *Fulton v. Finch*, 162 Tex. 351, 346 S.W.2d 823, 827 (1961)); *Dallas County v. Sweitzer*, 971 S.W.2d 629, 630 (Tex.

App.—Dallas 1998, no writ); *Haun v. Steigleder*, 830 S.W.2d 833, 834 (Tex.App.—San Antonio 1992, no writ).

11. *Mellon Service Co.*, 946 S.W.2d at 864.

12. TEX. LAB. CODE ANN. § 410.258(a) (Vernon Supp.2000) states, in pertinent part: "The party who initiated a proceeding under this subchapter or Subchapter G must file any proposed judgment or settlement made by the parties to the proceeding, including a proposed default judgment, with the executive director of the commission not later than the 30th day before the date on which the court is scheduled to enter the judgment or approve the settlement. The proposed judgment or settlement must be mailed to the executive director by certified mail, return receipt requested."

13. TEX. LAB. CODE ANN. § 410.258(f) (Vernon 1996) (added by Acts 1997, 75th Leg., R.S., ch. 1267, § 2, 1997 TEX. GEN. LAWS 4792, 4793, eff. Sept. 1, 1997).

14. *See* HOUSE COMMITTEE REPORT, BILL ANALYSIS, Tex. H.B. 3137, 75th Leg., R.S. (1997).

not be approved by a court.[15] Specifically, Section 410.258 authorizes the TWCC to intervene as a matter of right in the proceeding not later than the 30th day after receiving a proposed judgment or settlement if it determines that the proposal is not in compliance with the law.[16] The burden of compliance is on the litigating parties.[17]

In *Albertson's Inc. v. Sinclair*, the Texas Supreme Court contrasted the notice provision at issue here,[18] with one requiring a party seeking review of a TWCC decision to file a copy of its petition with the TWCC.[19] In finding that providing the TWCC a copy of the petition when filed is mandatory, but not jurisdictional, the Court wrote:

> [T]hat [the section] does not dictate the consequence of noncompliance is significant when considering the entire statute. [In contrast,] Section 410.258 requires the petitioner in a judicial review proceeding to provide the Commission a proposed judgment or settlement not later than the thirtieth day before the court is scheduled to enter the judgment or approve the settlement.... [This] provides the Commission yet another opportunity to intervene, up to the thirtieth day after receiving the proposed judgment or settlement. *Importantly, subsection 410.258(f) provides that a judgment entered or settlement approved without complying with section 410.258's requirements is void.* That the Legislature could have but did not similarly provide a consequence for noncompliance with section 410.253 suggests that it chose not to do so.[20]

The Court has since declined to revisit its holding in *Albertson's*.[21]

■ Thus, we are compelled to hold that compliance with Section 410.258 is both mandatory and jurisdictional, and failure to give the TWCC notice of a proposed judgment under that section rendered the judgment at issue here void.

## CONCLUSION

Before the trial court entered summary judgment, no notification was filed with the commission as mandated by Section 410.258. The trial court was therefore without jurisdiction to render judgment, and it is void. This court may only declare such judgment void, set it aside, and dismiss the appeal.[22]

---

15. *See id.*

16. *See id.*

17. *See id.*

18. Tex. Lab. Code Ann. § 410.253 (Vernon 1996) states: "A copy of the petition shall be simultaneously filed with the court and the commission and served on any opposing party."

19. *Albertson's Inc. v. Sinclair*, 984 S.W.2d 958, 962 (Tex.1999); *Benavidez v. Travelers Indem. Co. of Connecticut*, 985 S.W.2d 458, 458 (Tex.1999) (per curiam); *see also Galpin v. Zenith Ins. Co.*, 993 S.W.2d 146, 147 (Tex.

App.—San Antonio 1999, no writ); *St. Paul Fire and Marine Ins. Co. v. Meador*, 990 S.W.2d 362, 367 (Tex.App.—Fort Worth 1999, no writ); *Ortiz v. Insurance Co. of State of Pa.*, 988 S.W.2d 882, 884 (Tex.App.—El Paso 1999, no writ).

20. *Sinclair*, 984 S.W.2d at 962 (emphasis added) (internal citations omitted).

21. *See National Liability and Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000).

22. *See State ex rel. Latty*, 907 S.W.2d at 486; *Mellon Service Co.*, 946 S.W.2d at 864.