Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



MANNY CASILLAS,

                            Appellant,

v.

STATE OFFICE OF RISK
MANAGEMENT,

                            Appellee.

§

§

§

§

§

No. 08-03-00212-CV

Appeal from the

120th District Court

of El Paso County, Texas

(TC#2000-3721)




O P I N I O N
           Manny Casillas appeals from a no-evidence summary judgment granted in favor of
the State Office of Risk Management (SORM). Determining that we have jurisdiction
over the appeal, and that the no-evidence summary judgment was improperly granted, we
reverse and remand.
Factual and Procedural Background
           Casillas was injured in the course of his employment with the State Department of
Human Resources. He sought lifetime income benefits (LIBS) under the Texas Workers’
Compensation Act (the Act), claiming the loss of both hands. A hearing officer with the
Texas Workers’ Compensation Commission (the Commission) determined that he was
not entitled to the benefits, and an appeals panel affirmed the hearing officer’s decision. 
Thereafter, Casillas filed a petition for judicial review.
           SORM filed a motion for no-evidence summary judgment, arguing that there is no
evidence that Casillas suffered a total and permanent loss of use of either of his hands. 
In his response, Casillas relied on an EMG/NCV report, his own affidavit, and the
affidavit of Dr. Manuel Moreno.
           The EMG/NCV report indicates that Casillas has “rotator cuff syndrome right
upper extremity” and that Casillas reported persistent pain in his right shoulder and lateral
neck area “without distal radiation into the upper arm, forearm, or hand.” The report’s
summary states:
Abnormal study, both upper extremities, findings demonstrate median nerve
conduction delay at the wrist compatible with a clinical diagnosis of carpal
tunnel syndrome, mild to moderate in degree as manifested by delay in both
motor and sensory transmission across the carpal tunnel in the absence of
distal denervation phenomena. The findings are slightly more prominent in
the right side than the left. There is no evidence of more proximal
entrapment syndrome or radicular findings in either upper limb at the
present time.

The report was signed by Martin Heitzman, M.D. Dr. Heitzman’s area of expertise is not
given. Casillas made no effort to authenticate the EMG/NCV report or to establish that it
falls within a hearsay exception. SORM objected to the report on both of these grounds.
           In his affidavit, Casillas stated that he sustained an injury to his bilateral upper
extremity and that he has been diagnosed with bilateral carpal tunnel syndrome. He
further stated: “Initially, the condition with my right upper extremity was more severe,
but as time has gone by I have experienced similar problems with my left upper extremity. 
The condition has deteriorated in both upper extremities to the point that I cannot work.”
           In his affidavit, Moreno stated that he is a licensed chiropractor in Texas, that he is
both a board-certified chiropractic orthopedist and a board-certified chiropractic
neurologist, and that he has had many years of experience in both of the areas in which he
is board certified. He further stated:
I am the treating doctor for Mr. Manny Casillas who injured both his
upper extremities on January 24, 1991. An EMG/NCV exam was
performed on Mr. Casillas. A copy is attached to this Affidavit. There was
an abnormal finding and Mr. Casillas was diagnosed with bilateral carpal
tunnel syndrome. Initially, Mr. Casillas had more problems with his right
upper extremity. Mr. Casillas had several surgeries on that extremity. As
time past [sic], Mr. Casillas has developed more severe problems with his
left upper extremity. These problems have deteriorated to the point that Mr.
Casillas’ problems with his left upper extremity are as bad as the problems
with his right upper extremity. Mr. Casillas’ carpal tunnel syndrome affects
both his upper extremities from his wrist up both arms to his shoulders. His
condition has deteriorated to the point that he can no longer get and keep
employment with the use of both his hands at or above the wrist. This
opinion [h]as been rendered within a reasonable degree of medical
probability.

Although Moreno stated that a copy of the EMG/NCV report was attached to his
affidavit, a copy was not attached. SORM objected to Moreno’s affidavit on the ground
that the opinions in the affidavit were based on the EMG/NCV report, and Moreno was
not qualified to interpret that report because he is a chiropractor rather than a radiologist. 
SORM also asserted that Moreno could not authenticate the report because he was not its
custodian.
           Casillas filed a reply in which he simply pointed out that the Act defines “doctor”
to include a chiropractor. See Tex. Lab. Code Ann. § 401.011(17) (Vernon Supp. 2004-05). He did not address SORM’s objections to the EMG/NCV report.
Jurisdiction
           Before turning to the merits of this appeal, we must first address SORM’s
contention that we lack jurisdiction. This contention is based on section 410.258 of the
Act.
           Section 410.258 provides:
The party who initiated a proceeding [for judicial review] must file
any proposed judgment or settlement made by the parties to the proceeding,
including a proposed default judgment, with the executive director of the
commission not later than the 30th day before the date on which the court is
scheduled to enter the judgment or approve the settlement. The proposed
judgment or settlement must be mailed to the executive director by certified
mail, return receipt requested.

Id. § 410.258(a). If the Commission determines that the proposed judgment or settlement
does not comply with the law, the Commission has thirty days to intervene in the judicial
proceeding. Id. § 410.258(c). The statute further provides, “A judgment entered or
settlement approved without complying with the requirements of this section is void.” Id.
§ 410.258(f).
           We have held that compliance with section 410.258 is mandatory and jurisdictional
and that the failure to file a proposed judgment with the Commission renders the
judgment void. Ins. Co. of State of Pa. v. Martinez, 18 S.W.3d 844, 848 (Tex. App.--El
Paso 2000, no pet.). We do not have jurisdiction to consider the merits of an appeal from
a void judgment. Id. at 847. We may only set aside the void judgment and dismiss the
appeal. Id.
           SORM claims that in this case the trial judge heard arguments on the summary
judgment motion on the same day that he signed the judgment and therefore the judgment
was not filed with the Commission thirty days before it was scheduled to be entered. We
presume the regularity of a judgment absent controverting matter in the record. See Gen.
Elec. Capital Assurance Co. v. Jackson, 135 S.W.3d 849, 853 (Tex. App.--Houston [1st
Dist.] 2004, pet. denied); Cliff v. Bonner, 770 S.W.2d 97, 98 (Tex. App.--Corpus Christi
1989, writ denied); Maddux v. Booth, 108 S.W.2d 329, 331 (Tex. Civ. App.--Amarillo
1937, no writ); King v. King, 91 S.W.2d 511, 512 (Tex. Civ. App.--El Paso 1936, writ
dism’d).
           SORM filed its summary judgment motion on February 10, 2003. The trial judge
signed the summary judgment on March 11, 2003. The judgment does not state that the
judge heard arguments on the motion; it simply states that the court “considered” the
motion and “is of the opinion” that the motion should be granted. Therefore, the
judgment does not establish that arguments were heard on the day the judgment was
signed. There is nothing else in the record to establish this fact.



           Moreover, even if arguments were heard on the day the judgment was signed, that
fact alone does not establish that section 410.258 was violated. The statute only requires
that a “proposed judgment” be filed with the Commission thirty days before the court is
scheduled to enter the judgment. Tex. Lab. Code Ann. § 410.258(a). The statute does
not prohibit a party from filing a proposed judgment before arguments are heard on a
summary judgment motion.
           SORM suggests that compliance with section 410.258 must be shown on the face
of the judgment. It cites section 410.257, as well as section 410.258 for this assertion. 
Section 410.257 sets forth certain things that may and may not be included in a judgment. 
See id. § 410.257(b)-(d). It also provides, “A judgment that on its face does not comply
with this section is void.” Id. § 410.257(f). But SORM does not argue that section
410.257 was violated in this case; it only argues that section 410.258 was violated. We
find no requirement in section 410.258 that compliance with that section must be
reflected on the face of the judgment. See id. § 410.258(f). We will not import the
language from section 410.257(f) into section 410.258(f).
           Furthermore, the judgment does not violate section 410.258 “on its face.” The
judgment, as well as the entire record, is simply silent on the question of compliance with
the statute. Therefore, we cannot say that the judgment is void and we will consider the
merits of the appeal.



Standard of Review
           We apply a de novo standard of review to summary judgments. Bowen v. El Paso
Elec. Co., 49 S.W.3d 902, 904 (Tex. App.--El Paso 2001, pet. denied). Because a no-evidence summary judgment is essentially a pretrial directed verdict, we apply the same
legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in
reviewing a directed verdict. Id. at 904-05. A no-evidence summary judgment is
improper if the nonmovant presents more than a scintilla of probative evidence to raise a
genuine issue of material fact. Forbes, Inc. v. Granada Biosciences, Inc., 124 S.W.3d
167, 172 (Tex. 2003). We view the evidence in the light most favorable to the
nonmovant. Id.
 

Eligibility for Lifetime Income Benefits
           A person is eligible for lifetime income benefits if he sustains the “loss of both
hands at or above the wrist.” Tex. Lab. Code Ann. § 408.161(a)(3). The Act provides
that “the total and permanent loss of use of a body part is the loss of that body part.” Id. §
408.161(b). A worker sustains the total and permanent loss of use of a body part if he
cannot get and keep employment requiring the use of that body part. Pac. Employers Ins.
Co. v. Dayton, 958 S.W.2d 452, 458-59 (Tex. App.--Fort Worth 1997, pet. denied).
           Casillas argues that his summary judgment evidence raised a genuine issue of
material fact as to whether he sustained the total and permanent loss of use of both of his
hands. SORM argues that Casillas did not present any admissible, competent evidence
and therefore did not raise a fact issue.
           SORM asserts on appeal, as it did in the trial court, that Moreno’s affidavit was not
competent evidence because Moreno is not qualified to interpret the EMG/NCV report. 
We find it unnecessary to consider whether a chiropractor is qualified to interpret an
EMG/NCV report, because a fair reading of Moreno’s affidavit reveals that Moreno’s
opinion was based on his treatment of Casillas, not on his interpretation of the report.
           The EMG/NCV report states that the examination occurred on November 12,
1992. Although most of the report is incomprehensible to a layperson, the report’s
summary states that the exam resulted in an “abnormal” finding and that Casillas had a
“mild to moderate” case of carpal tunnel syndrome, with the findings being “slightly more
prominent in the right side than the left.”
           Moreno’s affidavit is dated February 27, 2003--more than ten years after the
EMG/NCV exam. In the affidavit, Moreno referred to the EMG/NCV exam, noting that
there was an abnormal finding, that Casillas was diagnosed with bilateral carpal tunnel
syndrome, and that the condition was initially more severe in the right upper extremity. 
That much is apparent from reading the report’s summary. Moreno then stated that as
time passed, Casillas developed severe problems with his left upper extremity, that
Casillas’s problems with his left upper extremity are now as bad as his problems with his
right upper extremity, that Casillas’s carpal tunnel syndrome affects both his upper
extremities from the wrists up to the shoulders, and that Casillas’s “condition has
deteriorated to the point that he can no longer get and keep employment with the use of
both his hands at or above the wrist.” Moreno also stated that he is an experienced board-certified chiropractic orthopedist and chiropractic neurologist and that he is Casillas’s
treating physician.
           Thus, it is apparent that Moreno’s opinion was not based on the EMG/NCV report. 
His opinion actually differed with the findings in the report’s summary. Moreno did not
attempt to interpret the EMG/NCV report; rather, he explained how Casillas’s condition
has deteriorated over the ten years since the EMG/NCV exam was performed. The
affidavit indicates that Moreno was qualified to give an opinion on Casillas’s condition
based on his treatment of Casillas and his board certifications in chiropractic orthopedics
and chiropractic neurology.
           We conclude that Moreno’s affidavit, standing alone, is sufficient to raise a fact
question as to whether Casillas has lost the use of both of his hands at or above the wrists. 
Therefore, we find it unnecessary to address whether the EMG/NCV report was
admissible, either alone or in conjunction with Moreno’s affidavit.



Conclusion
           For the reasons stated herein, we sustain Casillas’s issue on appeal, reverse the
summary judgment, and remand the cause to the trial court for further proceedings
consistent with this opinion.
 
                                                                  SUSAN LARSEN, Justice
September 16, 2004

Before Panel No. 3
Barajas, C.J., Larsen, and Chew, JJ.