NUMBER
13-09-00602-CV

 

COURT
OF APPEALS

 

THIRTEENTH
DISTRICT OF TEXAS

 

CORPUS
CHRISTI - EDINBURG

 

 



STATE OFFICE OF RISK
MANAGEMENT,                                  Appellant,

 

v.

 

MARIA L. BERDAN,                                                                          Appellee.

 

 



On
Appeal from the 36th District Court 

of
Bee County, Texas.

 

 



OPINION

 

Before
Chief Justice Valdez and Justices Rodriguez and Perkes

Opinion
by Chief Justice Valdez

            

            In
this workers' compensation case, the State Office of Risk Management (“SORM”)
attempts to appeal a summary judgment and other orders rendered in favor of
Maria L. Berdan.  We dismiss the appeal for want of jurisdiction.

I.  Background

            The
trial court rendered summary judgment in favor of Berdan on June 8, 2009, and
rendered an order granting her statutory reimbursement of her attorney’s fees
on August 18, 2009.  SORM filed a motion for new trial on September 30, 2009,
and a notice of appeal on October 30, 2009.  

            On
November 5, 2009, the Clerk of this Court notified SORM that its motion for new
trial and notice of appeal were not timely filed, so that steps could be taken
to correct this defect, if it could be done.  SORM was advised that the appeal
would be dismissed if the defect was not corrected within ten days from the
date of receipt of this Court's letter.

            SORM
filed a response to the Court’s notice through which SORM asserts that it
failed to comply with section 410.258 of the Texas Labor Code, which requires
it to file any proposed judgment with the workers’ compensation division not
later than the thirtieth day before the date on which the court is scheduled to
enter the judgment.  See Tex.
Lab. Code Ann. § 410.258 (Vernon 2006).  SORM argues that its
noncompliance with the labor code renders the judgment void, and because there
is no final judgment, SORM’s appeal is timely.  

II.  Presumption of Regularity 

We
disagree with SORM’s analysis.  SORM's response to this Court's directive is
neither verified nor supported by affidavit.  See generally Tex. R. App. P. 10.2; see also Tex. Gov't Code Ann. § 22.220(c)
(Vernon Supp. 2010) (providing that an appellate court may on affidavit or
otherwise, as the court may determine, ascertain the matters of fact that are
necessary to the proper exercise of its jurisdiction).  SORM avers that it did
not send the division a copy of the proposed judgment until September 29, 2009,
and includes copies of the certified mail receipt thereof.  However, without a
proper verification or affidavits, there is no evidence before this Court
supporting these allegations.  We are to presume the regularity of judgments,
absent controverting matter in the record.  See S. Ins. Co. v. Brewster,
249 S.W.3d 6, 13-14 (Tex. App.–Houston [1st Dist.] 2007, pet. denied)
(collecting authorities); see also Bell v. Zurich Am. Ins. Co.,
311 S.W.3d 507, 513 (Tex. App.–Dallas 2010, pet. denied) (supplemental op. on
reh’g) (stating that the record and judgment were silent regarding compliance
with section 410.258 and holding that the judgment was not void); Ins. Co.
of State of Pa. v. Orosco, 170 S.W.3d 129, 134-35 (Tex. App.–San Antonio
2005, no pet.) (explaining that the reviewing court presumes the regularity of a
judgment absent controverting evidence; where both the judgment and record were
silent regarding compliance with section 410.258(a), the judgment was not void);
Casillas v. State Office of Risk Mgmt., 146 S.W.3d 735, 738-39 (Tex.
App.–El Paso 2004, no pet.) (stating that the judgment and record were silent
on the question of compliance with section 410.258, and accordingly, the judgment
was not void). 

SORM
carried the burden to establish why this Court should not apply the presumption
regarding the regularity of judgments.  See Brewster, 249 S.W.3d at
14.  SORM failed to carry that burden herein.  Accordingly, we presume that the
judgment at issue was timely filed and is not void, and thus, SORM’s notice of
appeal was untimely.  However, even if we were to accept SORM’s ipse dixet that
it failed to comply with the requirements of the labor code, we would
nevertheless conclude that the judgment at issue is not void as further
discussed herein.  

III.  Statutory Construction

            Our
primary objective in construing a statute is to give effect to the Legislature's
intent.  State v. Shumake, 199 S.W.3d 279, 284 (Tex. 2006).  In deriving
the Legislature's intent, we rely on the plain meaning of the statutory text,
unless a different meaning is supplied by legislative definition or is apparent
from context, or such construction leads to absurd results.  See City of
Rockwall v. Hughes, 246 S.W.3d 621, 625-26 (Tex. 2008).  We presume that
“the entire statute is intended to be effective” and that “a just and
reasonable result is intended,” and we consider the “object sought to be
attained” by the statute and the “consequences of a particular construction.”  Tex. Gov’t Code Ann. §§ 311.021(2),(3),
311.023(1), (5) (Vernon 2005).

            Section
410.258 of the Texas Labor Code, entitled “Notification of Division of Proposed
Judgments and Settlements; Right to Intervene,” provides:

(a)       The party
who initiated a proceeding under this subchapter or subchapter G must file any
proposed judgment or settlement made by the parties to the proceeding,
including a proposed default judgment, with the division not later than the
30th day before the date on which the court is scheduled to enter the judgment
or approve the settlement. The proposed judgment or settlement must be mailed
to the division by certified mail, return receipt requested.

 

(b)       The
division may intervene in a proceeding under Subsection (a) not later than the
30th day after the date of receipt of the proposed judgment or settlement.

 

(c)        The
commissioner shall review the proposed judgment or settlement to determine
compliance with all appropriate provisions of the law. If the commissioner
determines that the proposal is not in compliance with the law, the division
may intervene as a matter of right in the proceeding not later than the 30th
day after the date of receipt of the proposed judgment or settlement. The court
may limit the extent of the division's intervention to providing the
information described by Subsection (e).

 

(d)       If the division
does not intervene before the 31st day after the date of receipt of the
proposed judgment or settlement, the court shall enter the judgment or approve
the settlement if the court determines that the proposed judgment or settlement
is in compliance with all appropriate provisions of the law.

 

(e)       If the
division intervenes in the proceeding, the commissioner shall inform the court
of each reason the commissioner believes the proposed judgment or settlement is
not in compliance with the law. The court shall give full consideration to the
information provided by the commissioner before entering a judgment or
approving a settlement.

 

(f)        A
judgment entered or settlement approved without complying with the requirements
of this section is void.

 

Tex. Labor Code Ann. § 410.258.  The
purpose of this provision in the law is to prevent the use of settlement
agreements and default judgments to overturn appeals panel decisions.  See
Ins. Co. of Pa. v. Martinez, 18 S.W.3d 844, 847 (Tex. App.–El Paso 2000, no
pet.) (examining the legislative history of section 410.258).[1]  This
requirement also ensures that the Division of Workers' Compensation, Texas Department
of Insurance, has notice and an opportunity to intervene as a matter of right
in the proceeding not later than the thirtieth day after receiving a proposed
judgment or settlement if it determines that the proposal is not in compliance
with the law.  See id.   

            After
analyzing the plain language and legislative history of section 410.258, the
Austin and Fort Worth Courts of Appeals have concluded that this section is
inapplicable to judgments rendered as a result of adversarial proceedings.  See
Clewis v. Safeco Ins. Co., 287 S.W.3d 197, 202-03 (Tex. App.–Fort Worth
2009, no pet.); Tex. Prop. & Cas. Ins. Guar. Assoc. v. Brooks, 269
S.W.3d 645, 651 (Tex. App.–Austin 2008, no pet.); see also Tex. Dept. of
Ins. v. Ins. Co. of Penn., 306 S.W.3d 397, 903 (Tex. App.–Austin 2010, no
pet.).  The reasoning underlying this holding is explained as follows by the
Austin Court of Appeals:

[T]he legislature did
not intend that the statute apply to judgments entered by the trial court that
were not submitted or proposed to the court by agreement of the parties or the
result of a default by the defendant.  The statute was intended to prevent the
parties from colluding to overturn appeals panel decisions.  It accomplishes
this purpose by requiring submission of judgments “made” by the parties—i.e. judgments
proposed to the court by agreement of the parties rather than judgments entered
as a result of adversarial proceedings.  If, however, the statute were to apply
to any judgment, a strict reading of the statute would require a trial court to
figure out a way to get the party who initiated the action to submit the
judgment the court is preparing to enter to the Division for approval thirty
days in advance of entry in every case.  This would be true regardless of
whether the judgment is the result of noncollusive, adversarial proceedings or
the result of an agreement between the parties.  If this were the procedure, a
party who initiated an action for judicial review of an agency decision could
avoid or delay entry of an adverse judgment by refusing, delaying, or otherwise
failing to submit the judgment to the Division.  In addition, judgments entered
after a failure to appear by the plaintiff or after a failure to prosecute or
on the court's motion on jurisdictional grounds would have to be submitted to the
Division before entry even if “the party who initiated the proceeding” is not
available or is not interested in making the submission.  Section 410.258 does
not address these types of situations, where the entry of judgment may be
appropriate but the judgment has not been proposed or “made” by the parties. 
Nor does the statute provide a procedure for addressing such situations or
specify who is responsible for making the submission to the Division if the
“party who initiated the proceeding” is not available or no longer actively
involved in the litigation.

 

                        .
. . .

 

We conclude that
section 410.258 does not require the Division to receive advance notice of
every judgment in a proceeding initiated under subchapter F or G of the labor
code.  Instead, we are of the opinion that the statute requires the Division to
receive notice of proposed judgments “made by the parties”—i.e. without
judicial oversight or without fully adversarial proceedings—and settlement
agreements made by the parties. This interpretation ensures that the trial
court does not sign off on a proposed judgment made or agreed to by the parties
before the Division has been notified and given an opportunity to intervene. 
Additionally, this interpretation does not place impractical procedural burdens
on the trial court or permit a party who initiated the proceeding to avoid or
delay entry of an adverse judgment by refusing to submit the judgment to the
Division.  This interpretation also gives meaning to the phrase “made by the
parties” that is consistent with the purpose of the statute.

 

Brooks,
269 S.W.3d at 649-51.  The Brooks court recognized, but refused to
follow, the El Paso Court of Appeals opinion in Insurance Company of the
State of Pennsylvania v. Martinez, which applied section 410.258 to a
summary judgment and concluded that the judgment was void.  Martinez, 18
S.W.3d at 848; see Brewster, 249 S.W.3d at 12-14 (also applying section
410.258 to a summary judgment and concluding that the judgment was void). 
Cf. Metro. Transit Auth. v. Jackson, 212 S.W.3d 797, 799-801 (Tex.
App.–Houston [1st Dist.] 2006, pet. denied) (applying section 410.258 to an
agreed judgment).  

            After
examining the legislative history of section 410.258, the plain language of the
statute, and the reasoning of the Austin and Fort Worth Courts of Appeals, we
conclude that section 410.258 does not apply to judgments rendered after fully
adversarial proceedings but instead applies to judgments proposed by agreement
or by default.  This construction of the statute avoids the potentially
wrongful manipulation of the appellate process, whereby, for instance, a party
receiving an adverse judgment, such as SORM in the instant case, could sit on
the judgment indefinitely, without paying it and without submitting it to the workers’
compensation division, while waiting for a more favorable development in the
law.  

In
this case, the summary judgment and order granting reimbursement of attorney’s
fees were rendered after fully contested proceedings in open court. 
Accordingly, section 410.258 does not apply to the instant case, and the
judgment at issue was not rendered void by noncompliance with these statutory
requirements.[2]

IV.  Timeliness of Notice of
Appeal

We
next turn our attention to the timeliness of SORM’s notice of appeal.  By
amended notice of appeal, SORM attempts to appeal:  (1) the order granting
defendant’s motion for summary judgment signed on June 8, 2009; (2) the order
granting defendant’s motion for approval of reimbursed attorney’s fees signed
on August 18, 2009; (3) the order granting defendant’s motion to enforce the attorney’s
fee order, signed on October 23, 2009; (4) the order denying plaintiff’s
untimely motion to reconsider and, in the alternative, motion for new trial,
signed on October 23, 2009; and (5) the order denying plaintiff’s motion to
stay, signed on November 3, 2009; and the order denying plaintiff’s motion to
enter judgment, signed on November 3, 2009.

Generally,
appeals may be taken only from final judgments.  Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 195 (Tex. 2001).  Accordingly, a party may not appeal an
interlocutory order unless authorized by statute.  Bally Total Fitness Corp.
v. Jackson, 53 S.W.3d 352, 352 (Tex. 2001); Jack B. Anglin Co., Inc. v.
Tipps, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding); see Ogletree
v. Matthews, 262 S.W.3d 316, 319 (Tex. 2007).  If we lack jurisdiction, we
must dismiss the attempted appeal.  See Kilroy v. Kilroy, 137 S.W.3d
780, 783 (Tex. App.–Houston [1st Dist.] 2004, no pet.).  

A.  Summary Judgment and Attorney’s Fee Order

            SORM
attempts to appeal the trial court’s rendition of summary judgment and its
order awarding attorney’s fees to Berdan.  As stated previously, the trial
court rendered summary judgment in favor of Berdan on June 8, 2009, and
rendered an order granting her statutory reimbursement of her attorney's fees
on August 18, 2009.  SORM filed a motion for new trial on September 30, 2009, and
a notice of appeal on October 30, 2009.  The summary judgment was interlocutory
and did not become final until August 18, 2009, when the trial court granted
statutory reimbursement of attorney’s fees.  See Lehmann, 39 S.W.3d at 195. 
Appellant was required to file a motion for new trial within thirty days, or by
September 17.  See Tex. R. Civ. P.
329b(a).  An untimely filed motion for new trial does not extend the deadline
for appeal.  See id.; see also Tex.
R. App. P. 26.1.  Because the motion for new trial was untimely,
appellant's notice of appeal was also untimely.  See Tex. R. App. P. 26.1(a).  Therefore, we
are without jurisdiction to consider the appeal of the summary judgment and the
order granting statutory reimbursement of attorney’s fees.  

B.  Order Granting Motion to Enforce Court Order

            SORM further attempts to
appeal the trial court’s order of October 23, 2009, granting Berdan’s motion to
enforce Berdan’s award of attorney’s fees.  Generally, an
order made for the purpose of carrying into effect an already-entered judgment
is not a final judgment or decree and cannot be appealed as such.  See
Wagner v. Warnasch, 156 Tex. 334, 295 S.W.2d 890, 893 (1956); see also Tex. Civ. Prac. & Rem. Code Ann. §
51.012 (Vernon 2008) (providing that final judgments of trial courts are
appealable); Tex. R. Civ. P. 301
(“Only one final judgment shall be rendered in any cause except where it is
otherwise specially provided by law.”).  The “usual writs and orders to aid in
execution to collect a final money judgment are not, in general, appealable
orders.”  Schultz v. Fifth Judicial Dist. Court of Appeals of Dallas,
810 S.W.2d 738, 740 (Tex. 1991).  If the order is not an appealable one,
jurisdiction does not attach in the court of appeals.  Id. at 740 n.6. 
On the other hand, some post-judgment orders are appealable.  Id. at 740
(finding that a turnover order, which resolved property rights and acted “in
the nature of a mandatory injunction,” was appealable).  The order granting
Berdan’s motion to enforce the court order awarding Berdan attorney’s fees does
not act in the nature of a mandatory injunction, but is rather an order to aid
in the execution of an award of attorney’s fees.  See Kennedy v. Hudnall,
249 S.W. 520, 523 (Tex. App.—Texarkana 2008, no pet.) (stating that an order
made for carrying into effect an already entered judgment is not a final
judgment and cannot be appealed; directing the court to “look to the substance
of the order to determine whether it is appealable”).  Accordingly, the order
is not appealable, and we lack jurisdiction to consider the appeal thereof.

C.  Motion to Reconsider and Motion for New Trial

            SORM
further seeks to appeal the trial court’s “Order Denying Plaintiff’s . . .
Untimely Motion to Reconsider and Motion for New Trial.”  The order denying
SORM’s motion to reconsider and motion for new trial was not independently
appealable so as to start a new timetable for perfecting the appeal.  See,
e.g., Digges v. Knowledge Alliance, Inc., 176 S.W.3d 463, 464 (Tex. App.–Houston
[1st Dist.] 2004, no pet.) (concluding that a ruling on a motion to reconsider an
order granting a special appearance was not independently appealable); Denton
County v. Huther, 43 S.W.3d 665, 667 (Tex. App.–Fort Worth 2001, no pet.)
(holding that an order denying a motion to reconsider and renewed plea to the
jurisdiction was not a distinct appealable interlocutory order with separate
timetable for appeal).  Accordingly, we lack jurisdiction to consider the
appeal of this order.

D.  Motion to Stay and Motion to Enter Judgment

            SORM
also attempts to appeal orders denying its motion to stay and its motion to
enter judgment, both of which were signed on November 3, 2009.  We note that the
reporter’s record before the Court on these motions states that the parties
stipulated that the underlying case was stayed.  See In re Kellogg Brown
& Root, Inc., 166 S.W.3d 732, 737 (Tex. 2005) (“A case becomes moot if
a controversy ceases to exist between the parties at any stage of the legal
proceedings . . .”); State Bar of Tex. v. Gomez, 891 S.W.2d 243, 245
(Tex. 1994) (stating that, for a controversy to be justiciable, there must be a
real controversy between the parties that will be actually resolved by the
judicial relief sought).  In terms of SORM’s appeal of the trial court’s denial
of SORM’s motion for entry of judgment, SORM requested entry of a “new” final
judgment, which is largely, but not entirely, identical to the judgment entered
on August 18, 2009.  

The
trial court’s plenary power over this matter expired thirty days after entry of
the August 18, 2009 judgment.  See Tex.
R. Civ. P. 329b(d).  We are without jurisdiction to grant relief or
review the trial court's actions after the expiration of its plenary power;
consequently, we lack jurisdiction over the appeals of these orders.  See
Nabejas v. Tex. Dep't of Pub. Safety, 972 S.W.2d 875, 876 (Tex. App.–Corpus
Christi 1998, no pet.) (concluding that appellate court lacked jurisdiction
over cause because appellate jurisdiction “extends no further than that of the
court from which the appeal is taken”), overruled, in part, on other grounds
by City of Elsa v. M.A.L., 226 S.W.3d 390, 392 (Tex. 2007); P.I.A. of
Fort Worth, Inc. v. Sullivan, 837 S.W.2d 844, 846 (Tex. App.–Fort Worth
1992, orig. proceeding) (concluding that under the terms of rule 329b, the
trial court had no jurisdiction to seal the parties' divorce records over nine
months after the suit had been voluntarily dismissed and after he had lost his
plenary power).

V.  Conclusion

            Having
concluded that we lack jurisdiction over the matters subject to appeal herein,
we DISMISS the appeal for lack of jurisdiction.

 

                                                                                                ___________________

Rogelio
Valdez

                                                                                                Chief
Justice 

 

Delivered and filed the

3rd day of February, 2011.                                                 

                                                                                                

 









[1] We observe that the bill analysis for
section 410.258 of the labor code provides that the statute "prevents the
use of settlement agreements, and judgments based on default or on an agreement
of the parties, to overturn Appeals Panel decisions."  See House
Comm. on Bus. & Indus. Bill Analysis, Tex. H.B. 3137, 75th Leg., R.S.
(1997).





[2] We have concluded that the requirements
of section 4102.58 do not apply to the judgment at issue, and accordingly, the
judgment was not rendered void by SORM’s failure to comply with these
requirements.  However, even if we were to conclude otherwise, we disagree with
SORM’s allegation that a void order is not final for purposes of appeal.  The
finality of an order does not depend on its validity; even void orders must be
timely appealed.  See Middleton v. Murff, 689 S.W.2d 212, 213 (Tex.
1985) (explicitly disapproving  the proposition that "if a judgment
rendered by a trial court is void it may be set aside by that court at any
time"); see also McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706,
710 (Tex. 1961); Brashear v. Vict. Gardens of McKinney, L.L.C., 302
S.W.3d 542, 546 (Tex. App.–Dallas 2009, no pet.); In re GMC, 296 S.W.3d
813, 822 (Tex. App.–Austin 2009, orig. proceeding); Newsom v. Ballinger
Indep. Sch. Dist., 213 S.W.3d 375, 380 (Tex. App.–Austin 2006, no pet.); In
re Vlasak, 141 S.W.3d 233, 238 (Tex. App.–San Antonio 2004, orig.
proceeding); Kenseth v. Dallas County, 126 S.W.3d 584, 597 (Tex. App.–Dallas
2004, pet. denied).