**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00239-CV**
_____

**IN THE INTEREST OF K.B. AND J.B.**

**On Appeal from the 258th District Court**
**Polk County, Texas**
**Trial Cause No. CIV31460**

**MEMORANDUM OPINION**

Appellant Mother appeals the trial court's entry of an Agreed Final Order in Suit Affecting the Parent-Child Relationship ("SAPCR") regarding her minor children K.B. and J.B.[1] As explained below, we conclude that the order from which the appellant appeals is void and must be vacated, and we dismiss this appeal.

---

[1] To protect the identity of the minors, we use the initials to refer to the children and "Mother" to refer to the appellant. *See* Tex. R. App. P. 9.8(b)(2).

1

## Procedural Background

On December 5, 2017, the Department of Family and Protective Services ("Department") filed an Original Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship and Order Setting Hearing. Following a hearing, on December 12, 2017, the trial court entered a temporary order appointing the Department as temporary managing conservator for the children. On November 27, 2018, the court entered an Agreed Order for Monitored Return of the Children to [Mother], ordering a transition plan for monitored return of the children to Mother and that the Department would continue to serve as temporary managing conservator of the children. The order for monitored return included the following provision:

> Pursuant to § 263.403(b), Texas Family Code, this suit shall be dismissed on _____, which date is not later than 180 days following the date this temporary order is rendered, unless the child must be removed from said home prior to that date.

The children were then returned to the Mother on a monitored basis on November 27, 2018. Before the children were returned to the Mother the Department had placed the children with foster parents. On February 4, 2019, over two months after the children were returned to the Mother, the foster parents ("Intervenors") filed an intervention in the SAPCR. The Intervenors sought to be appointed the children's managing conservator, or in the alternative, possessory conservator.

2

On April 26, 2019, the trial court held a permanency hearing, and the matter was set for trial on June 10, 2019. At the permanency hearing, the Department told the court that the monitored return had been successful, and the Department was ready to dismiss. The caseworker, the court-appointed special advocate, and Mother agreed to dismissal of the action. The clerk's record includes a letter to the parties' attorneys from the trial judge stating that the case had been transferred to his court from another judge and the trial judge believed "the dismissal date for this suit is June 12, 2019." The trial court held a hearing on the petition to intervene on May 10, 2019. The trial court granted the petition to intervene over the objections from Mother.

The trial court held a "Settlement Agreement" hearing on June 7, 2019. The Department told the court the settlement "is agreeable with the Department with the note that the Department is going to be dismissed and not named any type of conservator." Counsel for the Intervenors told the court that they had reached an agreement with Mother to be appointed managing conservator and intervenors as possessory but that there was no agreement as to which weekend the Intervenors would have the children, and the Intervenors' attorney stated "[r]ight now, we just agree it's the first weekend unless otherwise agreed." The trial court stated that the Department was "getting out of it." Counsel for the Intervenors agreed to draft an

3

order for the court by the following Monday. The court stated on the record that the agreement "needs to be signed off on by the parties and the counsel."

Before any written agreement was signed or filed with the trial court, on June 12, 2019, Mother filed an affidavit with the court indicating she could not agree with the Intervenors and stating in relevant part:

> A hearing was held on Friday June 7, 2019 at which time I agreed before the Court to a step-up visitation schedule with the Intervenors[.]
> Their attorney [] was to prepare an Order for signing on Monday, June 10, 2019, for my review and agreement.
> I appeared in Court on Monday, June 10, 2019 at 8:30 a.m. and [counsel for the Intervenors] did not have an Order for my review at that time. [The Intervenors] were not present as well as the CPS workers, their supervisors, Assistant District Attorney, [counsel for the Department], nor any Casa representatives, and the Attorney Ad Litem for the children[.]
> Further, in an effort to set up visitation times, I met with [one of the Intervenors] over the week-end. After some discussion, we were unable to work out a visitation time schedule, exacerbating my concerns of our continued long term relationship relating to my sons[.]
> I also have serious concerns relating to the release of medical records and school records of my sons.
> I also have concerns relating to the restrictions on my geographical residence and where my two boys and myself may live.
> In consideration of the above, I am unable to enter into a possessory agreement with [the Intervenors].

The matter was then set for another hearing on July 19, 2019, and on that date the court entered an "Agreed Final Order" despite the objections from Mother. The order appointed Mother permanent managing conservator of the children and removed the Department as managing or possessory conservator. The Order named

4

Intervenors as possessory conservator and Intervenors were granted possession and access pursuant to terms specified in Attachment A to the order. The order also dismissed any other existing court-ordered relationships with the children. The Agreed Final Order included in the clerk's record is not signed by any party. The docket sheet includes an entry dated July 19, 2019 stating "Judgment signed over objection of [Mother's counsel]."

### Statutory Deadlines

Mother's first issue on appeal argues that the trial court did not have jurisdiction to sign the final order because the lawsuit had already been dismissed by operation of statute. The Department agrees.

Section 263.401(a) of the Family Code provides that

> Unless the court has commenced the trial on the merits or granted an extension under Subsection (b) or (b-1), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court's jurisdiction over the suit affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of the child is terminated and the suit is automatically dismissed without a court order. Not later than the 60th day before the day the suit is automatically dismissed, the court shall notify all parties to the suit of the automatic dismissal date.

Tex. Fam. Code Ann. § 263.401(a) ("Dismissal After One Year; New Trials; Extension").

5

In this case, the trial court entered a temporary order that appointed the Department temporary managing conservator of the children on December 19, 2017. Without an extension under subsection (b) or (b-1), by statute the case should have been "automatically dismissed without a court order" on December 19, 2018. *Id.* Although the record shows no requests for an extension (or trial on the merits), the trial court entered an Agreed Order for Monitored Return of the Children on November 27, 2018.

Section 263.403 of the Family Code provides that

(a) Notwithstanding Section 263.401, the court may retain jurisdiction and not dismiss the suit or render a final order as required by that section if the court renders a temporary order that:
> (1) finds that retaining jurisdiction under this section is in the best interest of the child;
> (2) orders the department to:
>> (A) return the child to the child's parent; or
>> (B) transition the child, according to a schedule determined by the department or court, from substitute care to the parent while the parent completes the remaining requirements imposed under a service plan and specified in the temporary order that are necessary for the child's return;
> (3) orders the department to continue to serve as temporary managing conservator of the child; and
> (4) orders the department to monitor the child's placement to ensure that the child is in a safe environment.

. . .

(b) If the court renders an order under this section, the court shall:

6

> (1) include in the order specific findings regarding the grounds for the order; and
> (2) schedule a new date, not later than the 180th day after the date the temporary order is rendered, for dismissal of the suit unless a trial on the merits has commenced.

*Id.* § 263.401(a), (b).

One hundred eighty days after the date of the monitored return was May 26, 2019. *See* Tex. R. Evid. 201 (a court may take judicial notice of facts not subject to reasonable dispute). Mother argues that at the time of the June 7, 2019 hearing, when the parties' purported agreement was addressed, "the trial court lacked jurisdiction over the suit because it had already been dismissed."

We review de novo issues that implicate a court's subject-matter jurisdiction. *In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018). Several of our sister courts have concluded that, under the current version of section 263.401, the trial court automatically loses jurisdiction over the Department's termination SAPCR if the court does not commence a trial on the merits or enter a specific order of extension by the dismissal deadline provided by section 263.401(a). *See In re A.F.*, No. 02-19-00117-CV, 2019 Tex. App. LEXIS 8563, at **23-27 (Tex. App.—Fort Worth Sept. 24, 2019, no pet. h.) (citing Tex. Fam. Code Ann. § 263.401(a), (b); *In re M.M.*, No. 05-19-00329-CV, 2019 Tex. App. LEXIS 8270, at *3 (Tex. App.—Dallas Sept. 11, 2019, pet. filed) (mem. op.); *In re G.X.H.*, No. 14-19-00053-CV, 2019 Tex. App.

LEXIS 5381, at **1-2 (Tex. App.—Houston [14th Dist.] June 27, 2019, no pet. filed)); *F.R. v. Tex. Dep't of Family and Protective Servs.*, No. 03-17-00487-CV, 2017 Tex. App. LEXIS 11681, at *13 n.5 (Tex. App.—Austin Dec. 15, 2017, no pet.) (mem. op.) (explaining the current version of the statute makes deadlines jurisdictional for suits filed after September 1, 2017).

Generally, an order rendered after the trial court loses jurisdiction is void. *See In re A.F.*, 2019 Tex. App. LEXIS 8563, at *27 (citing *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam); *Alaimo v. U.S. Bank Tr. Nat'l Ass'n*, 551 S.W.3d 212, 218 (Tex. App.—Fort Worth 2017, no pet.)). Because the trial court had already been divested of jurisdiction before rendering the Agreed Final Order on July 19, 2019, that order was void and did not extend the dismissal deadline. *See id.*; *see also In re G.X.H.*, 2019 Tex. App. LEXIS 5381, at *11 (explaining that a subsequent order cannot "resurrect the trial court's jurisdiction" following an automatic dismissal under section 263.401). Therefore, to the extent the Agreed Final Order purported to relate to the Department's original petition, the order is void for lack of jurisdiction. *See In re A.F.*, 2019 Tex. App. LEXIS 8563, at *31.

## Revocation of the Agreement

Mother's second issue on appeal argues that the trial court erred in rendering judgment and signing the void final order after Appellant had withdrawn her consent

8

to the settlement. Assuming without deciding that the trial court retained jurisdiction over the lawsuit as between Mother and the Intervenors, we examine whether Mother agreed to the terms in the Agreed Final Order.

Contract law governs settlement agreements made in open court pursuant to Rule 11. *See Gen. Metal Fabricating Corp. v. Stergiou*, 438 S.W.3d 737, 744 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (citing *Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex. 1995)). Whether an agreement is legally enforceable is a question of law. *Advantage Physical Therapy, Inc. v. Cruse*, 165 S.W.3d 21, 24 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *Gaede v. SK Invs., Inc.*, 38 S.W.3d 753, 757-58 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).

"[C]onsent must exist at the time an agreed judgment is rendered." *Kennedy v. Hyde*, 682 S.W.2d 525, 528 (Tex. 1984). When parties reach a settlement agreement in pending litigation, the trial court may render a judgment based on the agreement so long as no party has withdrawn her consent to the agreement. *Padilla*, 907 S.W.2d at 461. A party may revoke its consent to a settlement agreement at any time before judgment is rendered on the agreement, and a judgment rendered after a party has revoked consent is void. *S & A Restaurant Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995); *In re K.N.M.*, No. 2-08-308-CV, 2009 Tex. App. LEXIS 5707, at **13-14 (Tex. App.—Fort Worth July 23, 2009, no pet.) (mem. op.). A party's

9

withdrawal of consent must be effectively communicated to the trial court. *In re Caballero*, 441 S.W.3d 562, 573 (Tex. App.—El Paso 2014, orig. proceeding). Without all parties consenting to the settlement agreement, the trial court cannot render judgment and may only enforce the settlement agreement as a written contract.[2] *Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996); *Padilla*, 907 S.W.2d at 462.

The record reflects that the trial court did not render judgment on a settlement agreement at the June 7, 2019 hearing; rather, the court instructed the parties to prepare an order and return to court the following week. Mother filed her affidavit revoking consent on June 12, 2019, before the trial court signed the Agreed Final Order. Because Mother revoked her agreement before the trial court rendered judgment, her revocation was valid and the judgment was void. *See S & A*, 892 S.W.2d at 857.

For the reasons explained above, we conclude that the trial court's Agreed Final Order signed and entered on July 19, 2019 is void. An appellate court has no jurisdiction to consider the merits of an appeal from a void judgment. *See Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012); *Ins. Co. of Pa. v.*

---

[2] The appellate record does not reflect that the Intervenors filed an action in the trial court to enforce the Agreed Final Order as a contract, and the Intervenors have not appeared in this appeal.

*Martinez*, 18 S.W.3d 844, 847 (Tex. App.—El Paso 2000, no pet). Our jurisdiction in an appeal from a void judgment is limited only to determining that the judgment is void and making appropriate orders based on that determination. *See In re M.K.*, 514 S.W.3d 369, 380 (Tex. App.—Fort Worth 2017, no pet.). Therefore, we vacate the Agreed Final Order and dismiss the appeal. *See In re A.F.*, 2019 Tex. App. LEXIS 8563, at *31; *Martinez*, 18 S.W.3d at 847.

ORDER VACATED; APPEAL DISMISSED.

_____

LEANNE JOHNSON
Justice

Submitted on October 15, 2019
Opinion Delivered December 5, 2019

Before McKeithen, C.J., Horton and Johnson, JJ.

11